John H. Mulder, Plaintiff-Appellant, v. Board of Trustees, Rockford Firemen's Pension Fund, Defendant-Appellee.

Gen. No. 68–44.

Second District.

December 10, 1968.

Joseph A. Londrigan, of Springfield, and John Frank Pelgen, of Rockford, for appellant.

Gilbert, Powers & Graves, of Rockford, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

This appeal arises from a decision of the Board of Trustees of the Rockford Firemen's Pension Fund, defendant herein, which denied the plaintiff's application for disability benefits.

A stipulation of facts entered into between the parties discloses that the plaintiff, John H. Mulder, entered the

fire service on April 7, 1947, and resigned on August 9, 1967. In 1959 he received a nonservice connected injury to his back which necessitated surgical intervention on two occasions.

On June 8, 1967, the plaintiff filed an application with the defendant requesting a disability pension and, on the same day, took a sick leave of absence because of his back condition. Thereafter, on June 16, 1967, the fire chief ordered the plaintiff to take his annual vacation from June 20, 1967, until July 20, 1967, and further ordered that upon his return he would be assigned to the position of Fire Inspector at the same rank and the same rate of pay as Lieutenant, which rank he then held.

On July 17, 1967, a hearing was had by the defendant upon the plaintiff's application and his request for a disability pension was denied. Ten days later, a rehearing on his application was held which terminated again in a denial of his request. The plaintiff then filed a complaint under the Administrative Review Act (Ill Rev Stats 1967, c 110, § 264 et seq.) in the trial court. A hearing was had and the court affirmed the finding of the defendant. It is from the trial court's order of affirmance that this appeal is taken.

The plaintiff claims that the court misconstrued the pension statute (Ill Rev Stats 1967, c 108½, § 4–111) and that its holding was without any basis in law.

At the hearing on July 17, 1967, the reports of two orthopedic surgeons were read and entered as part of the minutes of the meeting. At the rehearing on July 27, 1967, they were offered in evidence and made a part of the record.

The treating physician's report stated that the plaintiff injured his back while working on a stoker in his home on November 10, 1959. He was admitted to the hospital the following day where a myelogram disclosed a ruptured intervertebral disc necessitating a laminectomy at

the L-3 level. The plaintiff was permitted to return to work on January 18, 1960.

Because of recurrent pain another myelogram was taken on January 22, 1965, which revealed a ruptured disc at the L-4-5 level which was removed on January 26, 1965. Thereafter the plaintiff had persistent complaints about his left foot which complaints "were undoubtedly a result of the nerve injury in the back." The doctor's report disclosed that he frequently advised the patient to avoid heavy lifting and that, in his opinion, "this patient may, in some circumstances as a fireman, be placed in a position dangerous to himself or his colleagues."

The report of the second orthopedic surgeon stated that he examined the plaintiff on June 30, 1967, and found slight paravertebral muscle spasms in the lumbar area and all motions in the back markedly restricted as well as evidence of the prior surgery. In his opinion the plaintiff was "disabled from heavy unlimited types of activity such as ladder climbing, heavy lifting or pulling and tugging." It was his feeling that he was totally disabled as far as unlimited fireman-type duties were concerned, but not totally disabled for some sedentary light type of activity.

It is agreed between the parties that the plaintiff, at the present time, is not capable of doing regular fireman's work but capable of doing some type of lighter work.

The issue in this case is whether or not a fireman, suffering from a disability not incurred in the performance of an act of duty, is entitled to a pension under the provisions of the aforementioned statute where such disability prevents him from discharging unlimited fireman's duties but does not incapacitate him for other duties in the fire department.

The statute in question provides:

"Any fireman having at least 10 years of creditable service who becomes disabled as a result of any

177

cause other than the performance of an act of duty, and who is found, upon examination by a competent physician ordered by the Board, to be physically or mentally permanently disabled so as to render necessary his retirement from service in the fire department, shall be granted a disability pension of 50% of his monthly compensation at the date of such retirement."

There is nothing contained in the evidence or record indicating that plaintiff is unable to perform the duties of Fire Inspector; to the contrary, the reports of the treating physician and examining physician seem to suggest such a type of duty.

██ ██ Obviously, duty as a Fire Inspector is ". . . service in the fire department." It is the duty of the defendant to determine whether or not the disability rendered necessary "his retirement from service in the fire department," just as it is the Board's obligation to determine whether or not an applicant for membership in the Firemen's Pension Fund is physically and mentally qualified for acceptance. Gordan v. Board of Trustees of Firemen's Pension Fund of City of Joliet, 77 Ill App2d 234, 238, 222 NE2d 28 (1966).

██ ██ The statute is clear in that it provides a pension for a fireman injured other than in the performance of an act of duty when he is physically or mentally permanently disabled *so as to render necessary his retirement* from service in the fire department. In the instant case, the plaintiff's injury did not necessitate retirement. Both physicians agreed that the plaintiff was capable of performing a limited service. Had the Legislature intended to provide a pension for a fireman able to perform limited duties as a fireman, it could have done so. We have no right to modify the legislative language and our only duty is to follow that direction. Stiles v. Police Pension Fund, Board of Trustees, 281 Ill

178

636, 642, 118 NE 202 (1917); Giuliano v. Board of Trustees of Firemen's Pension Fund of City of Elgin, 89 Ill App2d 126, 128, 231 NE2d 257 (1967).

Plaintiff maintains that the defendant has no authority to deny a pension to any fireman who is not qualified "to perform the duties of a fireman" and relies upon sections 4–112 and 4–107(b) as authority. Neither of these sections are relevant to the question at hand.

Section 4–112 authorizes the reinstatement of a fireman already on the disability pension roll, after his recovery, in the same rank or grade which he held at the time of his retirement for disability. The plaintiff was never on a disability pension and this question was not before the defendant.

Section 4–107(b) designates the qualifications for membership in the Firemen's Pension Fund. Significantly, the applicant must submit to a medical examination by a Board-selected physician and found to be *then* physically and mentally fit to perform the duties of a fireman. Having been found physically and mentally able, at that time, the applicant is admitted to coverage under the Act. This section does not relate to any subsequent disability as is present in the case before us.

The defendant had adequate evidence upon which to find that the plaintiff was capable of rendering service in the fire department and, therefore, not entitled to a pension under section 4–111.

Having so decided, it is unnecessary to consider whether or not the command of the fire chief ordering Lieutenant Mulder to duty as a Fire Inspector was properly given by the fire chief, or whether the order should have been given by the Board of Police and Fire Commissioners.

The judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

SEIDENFELD and DAVIS, JJ., concur.