(No. 45151.-

RICHARD D. PETERSON, Appellant, v. THE BOARD OF TRUSTEES OF THE FIREMEN'S PENSION FUND OF THE CITY OF DES PLAINES, Appellee.

*Opinion filed May 21, 1973.*

THOMAS F. LONDRIGAN, of Springfield, for appellant.

ROBERT J. DI LEONARDI, of Des Plaines, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

On April 15, 1965, Richard D. Peterson, applied to the Board of Trustees of the Firemen's Pension Fund of

the City of Des Plaines, Illinois, for a disability pension. Following a hearing, the Board entered an order denying the application. Peterson filed a complaint under the Administrative Review Act (Ill. Rev. Stat. 1965, ch. 110, par. 264 *et seq.*) in the circuit court of Cook County to review the decision of the Board. The Illinois Pension Code provides that the provisions of the Administrative Review Act shall apply to and govern all proceedings for judicial review of final administrative decisions of such Board. (Ill. Rev. Stat. 1965, ch. 108½, par. 4—139.) The circuit court ordered "that the decision of the Board of Trustees of the Firemen's Pension Fund of the City of Des Plaines, Illinois, be, and it is hereby reversed, and this case is remanded to the said Board with instructions to grant Richard D. Peterson a service connected disability pension effective July 28, 1964 ***." On appeal by the City of Des Plaines, the Appellate Court for the First District reversed the circuit court of Cook County (5 Ill. App. 3d 180), and we granted leave to appeal.

Peterson was a member of the Fire Department of the City of Des Plaines from August 28, 1958, until June 29, 1964. He was classified as a fire fighter. On December 9, 1962, while fighting a fire, he inhaled phosgene gas produced by the use of a fire extinguisher. He became ill and was hospitalized for approximately one week. Upon leaving the hospital he returned to his duties. In June, 1964, while on duty, he again became ill and was hospitalized. His condition was diagnosed as a myocardial infarction. Following his discharge from the hospital he did not return to active duty with the fire department. In August, 1964, he applied for a leave of absence which was granted for a period of one year, from October 20, 1964, to October 20, 1965. During this period he applied for an extension of the leave of absence, but no action has been taken on this application. On April 15, 1965, he made application to the Board of Trustees for a disability pension. At the request of the Board the applicant was examined by Dr. Priest.

At the hearing before the Board on the application for a pension, Dr. Priest testified that at the time of the examination in July, 1965, Peterson had a myocardial infarction of the inferior wall of the heart and that his condition could have been caused, with reasonable medical certainty, from the occurrence on December 9, 1962. He further testified that Peterson could not perform the duties of a fire fighter but that he could perform other duties for the fire department in the field of inspecting buildings and other work in connection with the fire-prevention bureau of the department.

Dr. Slott, the applicant's physician, testified that Peterson should not perform the duties of a member of the fire-prevention bureau and that checking out fire hazards would be harmful to his health. He further testified that Peterson could perform the duties of a desk job such as typing and filing reports.

The Board found that there exist in the fire service of the City of Des Plaines necessary duties within the fire-prevention bureau of the fire department which can be performed by a person of the physical and mental capacities of Peterson. The Board also found that such a position is available and would be offered to Peterson if he seeks reinstatement. The evidence showed that one of the members of the fire-prevention bureau has a cardiac condition.

The Board further found that the evidence failed to show that Peterson is physically or mentally permanently disabled for service in the fire department of the City of Des Plaines, so as to necessitate his retirement from fire service. Three members of the Board dissented and filed separate findings of fact and conclusions.

The findings and conclusions of the Board on questions of fact are *prima facie* true and correct. (Ill. Rev. Stat. 1965, ch. 110, par. 274.) On review it is not the duty of the court to weigh the evidence but rather it is its duty

to ascertain if the findings and decision of the administrative agency are against the manifest weight of the evidence. (*Cohn v. Smith, 14 Ill.2d 388, 395.*) It is particularly within the province of the administrative agency to resolve any conflict presented by the evidence (*Arlington Heights Federal Savings & Loan Ass'n v. Knight, 29 Ill.2d 558, 563*), and to determine the credibility of the witnesses. *Crepps v. Industrial Com., 402 Ill. 606, 615.*

There was sufficient evidence in the record to support the conclusion of the Board that a position in the fire-prevention bureau is available for Peterson and that he is physically capable of performing the duties of this position. The conclusions of the Board on these issues will therefore not be disturbed. In addition to the medical testimony, substantial support for the Board's conclusion that Peterson is physically capable of performing these duties is found in the evidence. Since October, 1964, he has been employed full time as a traveling salesman of intoxicating beverages. In this position he travels throughout the State of Illinois calling on customers. He drives an automobile, climbs stairs, and occasionally lifts cases of liquor into and out of his automobile.

Peterson's primary argument in this court urges that since he is no longer physically capable of performing the duties of a fire fighter, he can no longer be a fireman and is therefore entitled to a pension. We do not agree. Defendant's argument is bottomed on a misunderstanding of the meaning of the word "fireman" as used in the statute.

Section 4—101 of the Illinois Pension Code (Ill. Rev. Stat. 1963, ch. 108½, par. 4—101) provides for the establishment of a pension fund for the benefit of "firemen as defined in Section 4—106." In referring to section 4—106, which defines fireman, Peterson has focused only on subparagraph (a), which is not applicable to this case. Subparagraph (c) is the applicable portion of the section and defines a fireman as "any person who has

been or may be appointed to *any* full-time position in the fire department or service of such municipality." (Emphasis added.)

Section 4—110 provides for a line-of-duty pension stating: "If any fireman *** is found upon examination by a competent physician ordered by the Board, to be physically or mentally permanently disabled *for service in the fire department,* so as to render necessary his retirement from the fire service, such disabled fireman shall be granted a disability retirement pension of 65% of his monthly compensation ***." (Emphasis added.)

The pension fund established by section 4—101 is not solely for the benefit of fire fighters, but is for the benefit of firemen as defined in the Act. Section 4—106 does not define fireman solely as a fire fighter, but for the purpose of the Act adopts the broader definition which includes any person appointed to any full-time position in the fire department. Similarly, a person is not entitled to a pension under section 4—110 solely by reason of the fact that he is no longer able to perform the duties of a fire fighter, but rather he must be disabled for service in the fire department, so as to render necessary his retirement from the fire service.

Peterson's right to a pension depends entirely upon the provisions of the Code which provide for the pension. The language of the Code is clear and there is no need for this court to construe it so as to give it any meaning other than the one which is clearly stated. It is the duty of the court to enforce the law as enacted according to its plain and unmistakable provisions. (*Stiles v. Board of Trustees of Police Pension Fund, 281 Ill. 636, 641-642.*) The legislature could have provided pensions for fire fighters or other full-time appointed employees of the fire department who are no longer capable of performing the duties of their positions because of physical incapacity. It did not do so. We cannot now alter the plain language of the statute and through judicial construction incorporate such

a provision in the Code. (*Roth v. Kaptowsky, 401 Ill. 424, 430.*) The position which the Board found to be available in the fire-prevention bureau is clearly service in the fire department. The Board found that the duties of the position available can be performed by a person with Peterson's physical and mental capacity. Under the provisions of the Code, he is not entitled to a pension. See *Mulder v. Board of Trustees, Rockford Firemen's Pension Fund, 103 Ill. App. 2d 174.*

Peterson contends that an affirmance of the decision of the Board will deprive him of, or prevent him from accruing, pension rights as a fireman. Contrary to his contention, by accepting the assignment to the fire-prevention bureau, he does not cease to be a fireman under the Illinois Pension Code. As stated above, the statutory definition of that term does not limit the application of the Code to fire fighters. He will remain a fireman as defined in the Code and as a fireman will be qualified to enjoy the benefits of the pension fund.

Peterson was on leave of absence at the time he filed the application for a disability pension. The Board found, and the City acknowledges, that Peterson remains on leave of absence and that there is no requirement that he take a physical examination before he can return to active duty.

Several years have passed since the Board made its finding that a position is available in the fire-prevention bureau of the fire department. We do not know if the position or a comparable one is available in the fire department at this time. We therefore approve of the procedure outlined by the appellate court in this case wherein it remanded the cause to the circuit court of Cook County for the purpose of ascertaining if such a position is now available, and directed that if a firm offer is made to Peterson of a position comparable in working conditions, compensation and tenure to the one previously open to him, the judgment of the circuit court is to be vacated and the decision of the Board of Trustees upheld. It further

held that if within a reasonable time to be fixed by the circuit court, such a position is not offered to Peterson the judgment of the circuit court of Cook County is to remain in force. The judgment of the appellate court is therefore affirmed.

*Judgment affirmed.*