JOANNE NASH, Plaintiff-Appellant, v. THE RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND, Defendant-Appellee.

First District (2nd Division)   No. 1—90—1904

Opinion filed March 28, 1991.

James J. Reidy, Ltd., of Chicago (Margaret M. O'Leary and Richard L. Wattling, of counsel), for appellant.

David R. Kugler, of Chicago, for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, Joanne Nash (Joanne), appeals from the dismissal of her complaint for administrative review. She raises as issues for appellate review whether (1) the felony conviction of her husband, a former policeman, terminates her right to the life income or annuity otherwise payable to her pursuant to the Illinois Pension Code (Ill. Rev. Stat. 1987, ch. 108½, par. 1—101 *et seq.*) (Code); (2) the felony conviction termination of his prior "life estate" or annuity operated to accelerate her succeeding "life estate" or annuity; (3) the annuity otherwise payable to her should be segregated and invested at interest to await the outcome of this factual question; and (4) she has standing to bring suit.

Defendant, the Retirement Board of the Policemen's Annuity and Benefit Fund, City of Chicago (Board), denied Joanne's claim for the life income earned by her husband, Ronald Nash (Ronald), during his tenure as a Chicago police officer which extended from July 1957 until February 28, 1989, when he resigned from the force.

On March 1, 1989, Ronald was a party defendant in a Federal criminal proceeding in which he pled guilty to the commission of felonies relating to or arising out of or in connection with his service as a member of the Chicago police department. Ronald is currently serving a four-year prison sentence in a Texas Federal penitentiary.

On May 23, 1989, Ronald instructed the Board that there would be no withdrawal or repayment of the funds contributed by him toward his retirement annuity. Also on that date, Joanne demanded from the Board the payment of widow's annuity benefits and claimed entitlement to certain group health benefits. The Board held a hearing on August 29, 1989, and issued its "Findings of Fact" and "Order" on September 29, 1989, wherein it found that Joanne was not Ronald's widow and that Ronald has no entitlement under the plan which could allow for Joanne's claim.

Joanne sought administrative review (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*) of the Board's decision. The Board moved to dismiss the administrative complaint, alleging that (1) plaintiff was not the proper party plaintiff; (2) plaintiff was the wife of a former Chicago police officer now serving time in Federal prison; and (3) plain-

tiff and the Board did not share any contractual relationship. That motion was allowed with prejudice, the circuit court ruling ·that Joanne had no standing to bring suit. Joanne appeals.

## I

Joanne asserts that the circuit court erred in concluding that she had no standing to sue. The court ruled that the contract was between Ronald and the Chicago police department and gave no rights to her. Further, the court noted that the statute provided benefits only to a widow and that a living spouse has no benefit entitlement under the Code.

■ Insisting that she has standing, Joanne claims that this assertion is supported by the fact that the Code makes repeated references to "wives" as well as to widows. A careful reading of the statutory language reveals, however, that when referring to a "wife," the Code follows with a limitation such as "of a policeman who dies in service" (Ill. Rev. Stat. 1987, ch. 108½, par. 5—146(a)), or "of a policeman who *** dies out of service" (Ill. Rev. Stat. 1987, ch. 108½, pars. 5—146(b), (c), (d)); or to a former wife of a policeman "who has had a judgment of dissolution of marriage from her husband annulled." (Ill. Rev. Stat. 1987, ch. 108½, par. 5—146(e).) In the two former instances, the policeman "dies," and in the latter, the policeman and the spouse are no longer married. Joanne fits none of the foregoing categories because Ronald is still alive and she is not his former wife.

Joanne's reliance upon *Bailey v. Retirement Board of Policemen's Annuity & Benefit Fund* (1977), 51 Ill. App. 3d 433, 366 N.E.2d 966, in support of her standing argument also is unavailing. There, a widow sought to claim a widow's annuity after she unjustifiably shot her husband, a police officer, causing his death six weeks later. None of the situations present in *Bailey* are implicated in the case at bar. The statutory scheme at issue here specifically contemplates that the fund is to be maintained for the benefit of, *inter alia,* policemen's "widows." (Ill. Rev. Stat. 1987, ch. 108½, par. 5—101.) It makes no provision for benefits to current wives. Joanne is not the widow, but the current wife of a former Chicago police officer, who is ineligible for any benefits under the pension plan. Under these circumstances, she has no standing to claim a widow's annuity.

■ Joanne urges that she has standing as a third-party beneficiary to the contract between her husband and the police department. Pensions have been recognized by our courts as contracts. (*Peterson v. Board of Trustees* (1973), 54 Ill. 2d 260, 296 N.E.2d 721; *Kerner v. State Employees' Retirement System* (1977), 53 Ill. App. 3d 747, 368

N.E.2d 1118.) The legislature has enumerated various conditions which allow or preclude the award of benefits under the contract, however. One such stipulation is that benefits will be denied to an officer convicted of any felony arising out of or in connection with his or her service as a police officer. (Ill. Rev. Stat. 1987, ch. 108½, par. 5—227.) Whether Joanne's third-party beneficiary theory is viable, insofar as separate payments may have been made by Ronald for her annuity rights, and whether such benefits will be deemed unaffected by Ronald's felony conviction, must await the event when the pension will have become payable, namely, her widowhood, should Ronald predecease her.

## II

■ Joanne also bases her annuity claim on section 5—138 of the Code, which sets forth the formula for determining a widow's annuity for all employees who withdraw after age 50. (Ill. Rev. Stat. 1987, ch. 108½, par. 5—138.) She asserts that Ronald fulfilled the criteria for the section, *i.e.*, proper age, length of service and withdrawal. Even if applicable, the statute explicitly provides that the annuity is "payable after the date of the employee's *death*." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 108½, par. 5—138.) Under this language, which is neither vague nor ambiguous, Joanne is not entitled to an annuity because Ronald is still alive. Furthermore, section 5—138 provides widow annuity benefits only to the extent of the sums standing to the employee's credits on the date of the actuating event. Since Ronald's conviction has reduced the crediting sum to a refund of his contribution (see *Shanahan v. Policemen's Annuity & Benefit Fund* (1976), 43 Ill. App. 3d 543, 545, 357 N.E.2d 582), presently there is no sum standing to Ronald's credit for purposes of computing available benefits.

## III

Joanne analogizes the statutory provisions of the Code to the creation of a life estate and a succeeding life estate. She maintains that Ronald possessed a life estate in his prospective annuity, and once his life estate was terminated or destroyed pursuant to section 5—227 of the Code (Ill. Rev. Stat. 1987, ch. 108½, par. 5—227), her succeeding life estate accelerated. She assigns as error the Board's refusal to acknowledge her succeeding life estate.

■ In addressing a somewhat similar claim made by a forfeited pensioner's estate, the appellate court has held that no "estate" was forfeited; rather "only [the] right to continued pension benefits by

reason of [the pensioner's] actions." (*Kerner v. State Employees' Retirement System*, 53 Ill. App. 3d at 754.) Although pension rights have been construed as contractual in nature (*Peterson v. Board of Trustees*, 54 Ill. 2d at 264-65; *Kerner v. State Employees' Retirement System*, 53 Ill. App. 3d at 751), an officer's right to benefits depends entirely upon the Code which provides for them. *Peterson*, 54 Ill. 2d at 264.

■ The legislature could have articulated language to ensure that wives of those convicted of service-related felonies may receive residual benefits under the plan on an accelerated basis, if they are to receive them at all. It has not done so. We must decline Joanne's invitation to apply common law life estate and acceleration principles to the Code. To do so would be to alter the plain language of the statute in order to facilitate a result patently contrary to the express and unambiguous language of the Code.

In view of the disposition of this appeal upon the bases articulated, other points raised by Joanne need not be considered or decided.

For the foregoing reasons, the decision of the circuit court must be affirmed.

Affirmed.

SCARIANO, P.J., and DiVITO, J., concur.