NO. 5-00-0643

 IN THE

 APPELLATE COURT OF ILLINOIS

 FIFTH DISTRICT
___________________________________________________________________________

CRAIG KARFS, ) Appeal from the
 ) Circuit Court of
 Plaintiff-Appellee, ) St. Clair County.
 )
v. ) No. 00-MR-46
 )
THE CITY OF BELLEVILLE, )
 )
 Defendant-Appellant, )
 )
and )
 )
THE BOARD OF TRUSTEES OF THE )
FIREFIGHTERS' PENSION FUND OF )
THE CITY OF BELLEVILLE, ) Honorable
 ) Richard A. Aguirre,
 Defendant. ) Judge, presiding.
___________________________________________________________________________

 PRESIDING JUSTICE MAAG delivered the opinion of the court:
 The defendant, the City of Belleville (the City), appeals from an
order of the St. Clair County circuit court finding that the City was bound
by the finality of the decision made by the codefendant, the Board of
Trustees of the Firefighters' Pension Fund of the City of Belleville
(Board), to award a monthly disability benefit of $2,481.02 to Craig Karfs
(plaintiff). On appeal, the City claims that the trial court erred in
determining that the City was bound by the Board's award. The City claims
that because it was not a proper party to the proceeding before the
administrative agency, it could not have sought administrative review of
that decision and, therefore, it was not bound by the 35-day limitation
period for seeking a review of administrative decisions.
 The pertinent facts are not in dispute. Plaintiff was employed as a
firefighter for the City from November 1, 1973, until November 26, 1996.
On November 27, 1996, plaintiff retired. He applied for a duty-related
disability pension. In his application, plaintiff requested that five
weeks of his unused vacation pay and 1,000 hours of unused sick pay be
added to his base salary for the purpose of calculating his pension. At
the time of plaintiff's pension application, there was in effect a labor
contract between the City and the firefighters' union that permitted a
retiring firefighter with sufficient service time to request that unused
vacation and sick pay be added to his base salary for pension purposes.
 Michael J. Lundy, the treasurer of the Board and the treasurer of the
City, calculated plaintiff's pension. He included plaintiff's unused
vacation and sick pay in calculating the total base salary. According to
Lundy's calculation, plaintiff was entitled to receive a monthly pension of
$2,481.02. Lundy's pension computations were recorded on the letterhead
stationery of the treasurer of the City. In December 1996, the Board met
and voted to award plaintiff a duty-related disability pension of $2,481.02
per month. The minutes of that meeting are not a part of this record.
However, members of the Board did sign the bottom of the letterhead
stationery containing Lundy's computations. The Board's decision was not
appealed.
 In a letter dated June 30, 1997, Lundy notified plaintiff that errors
were made when his pension was originally calculated. The letter was
written on letterhead of the treasurer of the City and was signed "Michael
J. Lundy, City Treasurer." Lundy indicated that the unused vacation and
sick pay should not have been added to plaintiff's base salary for the
purpose of calculating his total base pay. Lundy stated that the City
should have paid plaintiff a lump sum of $4,900.30 as compensation for his
unused sick hours and vacation hours. Lundy wrote that plaintiff should
have received $2,215.59 per month in pension benefits and that his monthly
pension would be reduced to that sum beginning in July 1997. Lundy advised
plaintiff that he would be required to reimburse the pension fund a total
of $1,858.01, a sum that represented monthly overpayments to plaintiff
since December 1996. Plaintiff contacted the Board's attorneys after
receiving the letter. On July 3, 1997, Jim Mendillo, an attorney who
represented the Board, wrote to "Michael Lundy, City Treasurer," and
questioned the claim of error, referencing specific provisions (sections
14.6 and 15.5) of the labor contract. There is no document or record
suggesting that any action was taken by the City or the Board regarding
plaintiff's pension following the July 3, 1997, letter of inquiry.
Plaintiff continued to receive $2,481.02 per month in pension benefits.
 On December 8, 1999, plaintiff received a letter from Michael P.
Murphy, an attorney of the law firm representing the Board. In the letter,
Murphy stated that the Board had voted in May 1997 to reduce the amount of
plaintiff's pension, due to an error in the calculation of the total base
pay. However, other than the statement in this letter, there is no
indication that the Board took any action to alter plaintiff's pension at
any time prior to 1999. In the letter, Murphy advised plaintiff that the
error would be "corrected" and that, once corrected, plaintiff would
receive $2,215.59 in monthly pension benefits. He also indicated that
plaintiff had received overpayments of more than $6,000. Murphy asked
plaintiff to appear at the December 1999 meeting of the Board to establish
a repayment plan.
 According to the minutes of the January 25, 2000, meeting, the Board
adopted its attorney's recalculation of plaintiff's pension and voted to
reduce the pension to $2,215.59 per month. The Board also discussed the
repayment of the overpayments made to plaintiff, but there is no indication
that a vote was taken on that issue. Beginning in February 2000,
plaintiff's monthly pension was reduced to $2,215.59.
 On February 18, 2000, plaintiff filed suit against the Board and the
City. Count I of the first amended complaint was directed against the
Board. In count I, plaintiff sought an order prohibiting the Board from
recalculating or attempting to recalculate his original pension award and
prohibiting the Board from paying a lesser sum than that which was
initially awarded. Count II was filed against the City and the Board. In
count II, plaintiff asked the court to enter a judgment declaring that the
City and the Board were prohibited from recalculating his pension benefit
and from paying a reduced sum, on the ground that neither the Board nor the
City sought a review of the Board's decision within 35 days after the
decision was issued. Plaintiff also asked the court to declare that the
City and the Board are responsible to pay plaintiff a sum representing the
difference between the reduced benefit and the original benefit for each
month the reduced benefit was paid, statutory interest on that sum, and
court costs.
 In a written judgment, the circuit court pointed out that the
Administrative Review Law (735 ILCS 5/3-101 et seq. (West 1994)) was the
exclusive means of reviewing decisions of the Board, according to section 4-
139 of the Illinois Pension Code (40 ILCS 5/4-139 (West 1994)). The court
found that the Board had no jurisdiction to reduce plaintiff's pension
award, because it did not seek a review of the decision within the 35-day
limitation period provided in section 3-103 of the Administrative Review
Law (735 ILCS 5/3-103 (West 1994)). The court also found that the City was
bound by the original pension decision, because it had not sought a review
of that decision within the 35-day limitation period in the Administrative
Review Law (735 ILCS 5/3-103 (West 1994)). The court entered an order
prohibiting the Board and the City from reducing plaintiff's initial
pension award. The court also declared the Board and the City liable to
pay plaintiff a sum representing the difference between the reduced benefit
and the original benefit, a sum of $265.43 per month, for each month the
reduced benefit was paid, statutory interest on that amount, and
plaintiff's court costs. The Board did not appeal.
 The firefighters' pension fund is a statutory creation and is
governed by the provisions of the Illinois Pension Code (Code) (40 ILCS 5/4-
101 et seq. (West 1994)). The Code provides that a board of trustees of
the firefighters' pension fund shall be created in each municipality. 40
ILCS 5/4-121 (West 1994). In cities, the board of trustees is to be made
up of the city treasurer, the city clerk, the fire marshal, and the
comptroller or mayor, as well as three active firefighters and one retired
firefighter. 40 ILCS 5/4-121 (West 1994). Section 4-130 of the Code
directs that the city treasurer shall be the treasurer of the board and the
custodian of the pension fund and shall secure and safely keep the fund's
assets, subject to the direction and control of the board. 40 ILCS 5/4-130
(West 1994). Section 4-130 also provides that the treasurer shall keep the
books and accounts concerning the fund in such a manner as prescribed by
the board and shall make those books available for inspection by the board.
 40 ILCS 5/4-130 (West 1994).
 The board of trustees of the firefighters' pension fund has several
duties, including the duty to control and manage the pension fund and all
the money donated, paid, assessed, or provided by law for the pensioning of
disabled and retired firefighters and their dependents (40 ILCS 5/4-123
(West 1994)), the duty to assess the contributions each firefighter is
required to make and to ensure that the contributions are placed by the
city treasurer, as ex officio treasurer of the pension board, to the credit
of the pension fund (40 ILCS 5/4-124 (West 1994)), the duty to hear and
determine applications for pensions and to order and direct the payment of
pensions and other benefits (40 ILCS 5/4-125 (West 1994)), and the duty to
keep a record of all of its meetings and proceedings (40 ILCS 5/4-129 (West
1994)). The pension board is also charged with the duty to establish and
maintain a reserve, equal to the estimated total actuarial requirements of
the fund, to ensure the payment of all obligations incurred (40 ILCS 5/4-
120 (West 1994)).
 The city council also has obligations under the Code. Section 4-101
of the Code imposes upon the city council in each municipality a duty to
establish and administer a firefighters' pension fund. 40 ILCS 5/4-101
(West 1994). The city council is directed to levy a tax upon the taxable
property of the municipality at a rate which will produce an amount that,
when added to the firefighters' contributions and other revenues, will
equal a sum sufficient to meet the annual actuarial requirements of the
pension fund. 40 ILCS 5/4-118(a) (West 1994). The annual actuarial
requirements include the normal costs of the pension fund and an amount to
amortize the fund's unfunded accrued liabilities. 40 ILCS 5/4-118(a) (West
1994). The annual actuarial requirements of the pension fund can be
calculated by an actuary employed by the Illinois Department of Insurance
or retained by the pension board or the municipality. 40 ILCS 5/4-118(a)
(West 1994). Prior to the meeting in which decisions are made in regard to
the tax levy, the pension board is required to report to the city council
on the condition of the pension fund and to certify the assets in its
custody, the estimated receipts for the coming year based upon calculations
of the contributions of firefighters and other sources, and the estimated
amount necessary to meet the annual actuarial requirements of the pension
fund. 40 ILCS 5/4-134 (West 1994).
 Section 4-139 of the Code specifically provides that all final
administrative decisions of the pension boards are governed by provisions
of the Administrative Review Law (735 ILCS 5/3-101 et seq. (West 1994)).
40 ILCS 5/4-139 (West 1994). An administrative decision is any decision,
order, or determination of any administrative agency rendered in a
particular case that affects the legal rights, duties, or privileges of the
parties and that terminates the proceedings before the administrative
agency. 735 ILCS 5/3-101 (West 1994). Every action to review a final
administrative decision must be commenced by the filing of a complaint and
the issuance of a summons within 35 days from the date that a copy of the
decision sought to be reviewed was served upon the party affected by the
decision. 735 ILCS 5/3-103 (West 1994).
 The City claims that it was not a party to the administrative
proceeding and therefore could not have sought administrative review of the
Board's decision. The City therefore concludes that it is not bound by the
Board's determination and may challenge outside the review period the
pension benefit awarded to plaintiff.
 Only those parties to an administrative proceeding whose rights,
privileges, or duties are affected by the decision of the administrative
agency may seek the review of its decision. Peterson v. Board of Trustees
of Firemen's Pension Fund of City of Des Plaines, 5 Ill. App. 3d 180, 183,
281 N.E.2d 368, 370 (1971), aff'd on other grounds, 54 Ill. 2d 260, 296
N.E.2d 721 (1973). Under the Code, the City is charged with the obligation
to administer the firefighters' pension fund (40 ILCS 5/4-101 (West 1994))
and is required to levy a tax sufficient to meet the annual actuarial
requirements of the pension fund (40 ILCS 5/4-118(a) (West 1994)). The
City has some discretion in determining the dollar amount to be levied in
order to ensure a sufficient reserve. See Board of Trustees of Police
Pension Fund of City of Rockford v. City of Rockford, 96 Ill. App. 3d 102,
107-08, 420 N.E.2d 1126, 1130-31 (1981). Thus, the City has some interest
in certain decisions of the pension board in the context of its duty to
levy sufficient taxes for the benefit of all firefighters. See Peterson, 5
Ill. App. 3d at 183, 281 N.E.2d at 370.
 If, for example, in deciding a firefighter's pension benefit, the
pension board uses or approves a method of calculation that is prohibited
by the Code or violates the labor contract, that decision may be deemed to
have a direct impact on a municipality's duty to levy taxes in sufficient
proportions to enable the pension system to function, because it is
reasonably likely that the pension board would continue to use an improper
method to calculate other pensions, resulting in a depletion of the fund.
Under those facts, the municipality could seek a review of the agency's
decision because the decision potentially impacts the municipality's duty
to provide a sufficient sum to meet the requirements of the pension fund.
We caution that the pension board's decision must impact a duty or interest
of the municipality. A municipality will not have an interest in and
standing to seek the review of each individual case that comes before the
pension board. Furthermore, a municipality has no authority to review or
modify adjudicative decisions made by an administrative agency. See Board
of Trustees of Police Pension Fund of Village of Park Forest v. Washburn,
153 Ill. App. 3d 482, 486-87, 505 N.E.2d 1209, 1212-13 (1987).
 In this case, the City has alleged that the Board's original
calculation of total base pay was illegal and would result in a diminution
of the pension fund because each eligible firefighter was permitted to
increase his total base pay by including unused sick and vacation pay,
without making any additional individual contribution to the pension fund.
Based upon the allegations, the Board's decision to award pensions based
upon an illegal method of calculation could have an adverse impact on the
City's duty to levy sufficient taxes to enable the pension system to
function. Under these circumstances, the City could have sought a review
of that decision within the 35-day period permitted in the Administrative
Review Law (735 ILCS 5/3-103 (West 1994)). It did not do so. The City has
not claimed that it was unaware of the Board's decision.
 Where a statute provides that the administrative decisions of an
agency are subject to the Administrative Review Law, that statute is the
exclusive method for the review of an administrative agency's final
decision. Section 4-139 of the Code expressly adopts the Administrative
Review Law. 40 ILCS 5/4-139 (West 1994). In this case, the City failed to
seek review within 35 days of the Board's decision and could not seek a
modification of the award thereafter, because the statutory review period
had expired.
 Accordingly, the judgment of the circuit court is affirmed.

 Affirmed.

 HOPKINS and GOLDENHERSH, JJ., concur.

 NO. 5-00-0643
 IN THE
 APPELLATE COURT OF ILLINOIS
 FIFTH DISTRICT
___________________________________________________________________________

CRAIG KARFS, ) Appeal from the
 ) Circuit Court of
 Plaintiff-Appellee, ) St. Clair County.
 )
v. ) No. 00-MR-46
 )
THE CITY OF BELLEVILLE, )
 )
 Defendant-Appellant, )
 )
and )
 )
THE BOARD OF TRUSTEES OF THE )
FIREFIGHTERS' PENSION FUND OF )
THE CITY OF BELLEVILLE, ) Honorable
 ) Richard A. Aguirre,
 Defendant. ) Judge, presiding.

___________________________________________________________________________

Opinion Filed: May 23, 2002
___________________________________________________________________________

Justices: Honorable Gordon E. Maag, P.J.

 Honorable Terrence J. Hopkins, J., and
 Honorable Richard P. Goldenhersh, J.,
 Concur
___________________________________________________________________________

Attorney Robert J. Sprague, Sprague & Urban, 26 East Washington Street,
for Belleville, IL 62220
Appellant
___________________________________________________________________________

Attorney Jack Carey, 23 South First Street, Belleville, IL 62220
for
Appellee
___________________________________________________________________________
-----------------------
 NOTICE
Decision filed 05/23/02. The text of this decision may be changed or
corrected prior to the filing of a Petition for Rehearing or the
disposition of the same.