John Van Ort, Appellee, v. Board of Trustees of the Police Pension Fund of Village of Summit et al., Appellants.

Gen. No. 44,633.

Opinion filed May 16, 1949.   Released for publication May 27, 1949.

Di Grazia & Snyder, of Argo-Summit, for appellants; F. Patrick Conlon, of Chicago, of counsel.

Harry A. Kerins and Louis R. Gentili, both of Chicago, for appellee.

Mr. Presiding Justice Feinberg delivered the opinion of the court.

Plaintiff filed his petition in the circuit court of Cook county for the issuance of a writ of *certiorari* directed to the Board of Trustees of the Police Pension Fund of the Village of Summit. The writ was issued. A return was made, which included the record of proceedings had before the Board of Trustees on the application of the plaintiff for a police pension, under the provisions of the Cities and Villages Act, Ill. Rev. Stat. 1947, ch. 24, par. 895, sec. 4 [Jones Ill. Stats. Ann. 100.260]. Upon a hearing in the circuit court, an order was entered quashing the record of the proceedings before the Board, and quashing the judgment purporting to deny the matter of the application of plaintiff for pension annuity, from which order defendants appeal.

It appears from the record that plaintiff filed his application for a pension under sec. 4, the pertinent provisions of which are:

"Whenever any member of a regularly constituted police force in any such city, village or incorporated

town, becomes physically disabled to such an extent as to necessitate the suspending of performance of his duty on such police force, or retirement from the police force, he shall be paid from the fund a pension of one-half ($\frac{1}{2}$) of the salary attached to the rank he held on the police force for one year immediately prior to the time of his so suspending performance of his duty or retirement. Whenever such disability ceases and the policeman resumes the performance of his duty on the police force such pension shall cease. If the disability continues for a period of time which, if added to the period of his active service equals twenty years, the policeman shall, if he is then of the age of fifty (50) years, if he elects to then retire from said police force, be paid a regular pension in lieu of such disability pension.''

Hearings were had before the Board upon said application, where evidence was introduced and a full hearing afforded. The record discloses that plaintiff was employed as an officer by the village in May 1923; that in September 1930, he met with an accident while performing his duties as a police officer, resulting in a fracture of his left leg; that he returned to police duty in 1933 and periodically worked through the years 1934 through 1936 at special desk work assigned to him, and worked regularly up to May 7, 1945, having filled the position of chief of police of the village for a year, up to the latter date; that he had been appointed a police officer from year to year by the mayor and Board of Trustees; that on May 7, he was notified of his discharge; that his claim before the Board was an injury sustained January 1, 1945, at the police station, when he fell down a flight of stairs while carrying official records; that this accident involved an injury to the leg which had been fractured September 13, 1930. He further claimed that he became disabled as a result of the second accident, entitling him to a pension under the statute. Nearly eight months elapsed after the last

accident before he served notice on the Board making his application for pension.

■■ The determining question is whether plaintiff made out a case of disability provided for in sec. 4 of the Pension Act. The Board heard the witnesses and examined the evidence submitted upon that question. In a review of that record by *certiorari,* the court is limited to the inquiry as to whether (1) the Board had jurisdiction of the parties and the subject matter; (2) it exceeded its jurisdiction; and (3) it proceeded in violation of law. *Shilvock v. Retirement Board of Policemen's Annuity & Benefit Fund,* 285 Ill. App. 178; *Hahnemann Hospital v. Industrial Board,* 282 Ill. 316; *Brown v. VanKeuren,* 340 Ill. 118. The judgment of the Board may not arbitrarily be set aside (*Eddy v. People,* 218 Ill. 611) and can only be quashed where there is no evidence fairly tending to sustain the Board's action (*Funkhouser v. Coffin,* 301 Ill. 257.)

In *Hopkins v. Ames,* 344 Ill. 527, where the scope of power of the court upon *certiorari* to review the proceedings before an administrative board was discussed, the court said:

"To allow a review of the evidence by the courts on investigations conducted by the civil service commission or under its direction would be the exercise of executive powers, which the separation of departments of the government precludes the courts from exercising."

The petitioner, testifying before the Board, admitted that since May 7, 1945, he had been employed by the Sanitary District of Chicago for a period of eight weeks, and that he had driven dump trucks for two different companies. One of the trucks carried from four to five tons of sand, gravel and stone, which he would deliver whenever directed. He was asked: "Q. You are unable to do physical, manual work at the

present time due to your physical condition? A. No, I am not.''

The trial court had no right to weigh the evidence, and we are convinced upon this record that the plaintiff has failed to prove in the language of the section that he was ''physically disabled to such an extent as to necessitate the suspending of performance of his duty on such police force, or retirement from the police force.''

The order of the circuit court is reversed.

*Reversed.*

TUOHY and NIEMEYER, JJ., concur.