People ex rel. Campbell, Petitioner-Appellant, v. A. V. Swedeberg et al., Respondents-Appellees.

Gen. No. 10,687.

Opinion filed August 11, 1953. Released for publication August 28, 1953.

McConnell, Kennedy & McConnell, of Peoria, for appellant.

Eagle & Eagle, of Rock Island, for appellees.

Mr. Justice Anderson delivered the opinion of the court.

Earl M. Campbell, petitioner-appellant, retired police sergeant in the City of Rock Island, Illinois, filed his petition for a writ of mandamus, against the Board of Trustees of the police pension fund of the City of Rock Island, Illinois, respondents-appellees, to pay him an increase in his pension which he claims he is entitled to under the provisions of the statute. The respondents filed a motion to dismiss the petition. The motion alleged that they were paying petitioner the correct amount of his pension. The circuit court, after a hearing, dismissed the petition, denied the petitioner the relief sought, and entered judgment for the respondents. The petitioner elected to stand on his petition and appealed from the court's order. The question involved here is the proper interpretation and construction of the statute.

Section 4 of the statute above mentioned, Ill. Rev. Stat., ch. 24, par. 895 [Jones Ill. Stats. Ann. 100.260], provides in part as follows:

". . . Whenever any member of a regularly constituted police force in any such city, village or incorporated town, becomes physically disabled to such an extent as to necessitate the suspending of performance of his duty on such police force, or retirement from the police force, he shall be paid from the fund a pension of one half (½) of the salary attached to the rank he held on the police force for one year immediately prior to the time of his so suspending performance of his duty or retirement. . . ."

The facts alleged in the petition disclose that the petitioner had been a member of the police force of the City of Rock Island for more than fifteen years; that due to ill health he was permitted by the respondents to retire from the police force on August 1, 1952; that he was at the time of his retirement disabled and entitled to a pension. It is further disclosed that the

petitioner had served on the police force as a sergeant for more than ten years prior to his retirement; that during this ten-year period he had received the salary attached to the rank of sergeant; that from August 1, 1951, to June 1, 1952, he received a salary of $300 per month; and that effective June 1, 1952 the pay of police sergeants was raised to $320 per month which petitioner received. His total annual salary for the year preceding his retirement amounted to $3,640. Respondents, on August 1, 1952, commenced paying petitioner a pension of $1,820 a year, paid in twelve equal monthly installments of $151.67. Respondents' position in the trial court and here is that petitioner was entitled to receive a yearly pension of one-half the amount he received for the year preceding his retirement, or $151.67 a month. Petitioner contends that he is entitled to receive a monthly pension of one-half of his last monthly pay check of $320 which would amount to $160 per month. The facts are admitted by the parties, and the only question presented here is the proper construction of the statute. The parties agree that the case is one of first impression as there is no precedent on the question in this State.

In *Sup v. Cervenka*, 331 Ill. 459, the Supreme Court had occasion to consider and interpret a statute as to what pension should be paid to a disabled fireman who was permitted to retire under the provisions of a statute similar to that in the instant case. In that case the fireman claimed he was entitled to an increased pension because the salaries of officers of his class had been raised after his retirement and since he was subject to recall for active duty should he recover, he was entitled to the raise. The statute involved in that case provided in substance that the disabled fireman should be paid a monthly pension equal to one-half the amount of salary attached to the rank which he held at the date

of his retirement. The Supreme Court said that the fireman was not entitled to the increase.

■ ■ Petitioner argues that the language contained in the above opinion is authority in the case before this court. In our opinion the case is not in point as it is clear from the language of the fireman statute that the pension should be one-half the amount of the salary received by the pensioner on the date of his retirement paid in monthly installments. No such language appears in the statute to be construed here. The court in the *Sup* case recognized the rule of law that pension acts should be liberally construed to effect the object to be accomplished but that if the legislative intention is plain from the language used, the courts are not permitted to give the Act a meaning not expressed in it. The rule of law to be adopted in construing statutes is well stated in this opinion at page 461 as follows:

"It is an elementary rule in the construction of a statute that the intention of the legislature must primarily be determined from the language of the statute itself and not from conjectures *aliunde*. When that language is plain and unambiguous and conveys a clear and definite meaning there is neither necessity nor authority for resorting to statutory construction. If the words of a statute are plain and the legislative purpose manifest, that purpose must be given effect. The courts have no legislative powers, and in the interpretation and construction of statutes their sole function is to determine, and within the constitutional limits of the legislative power to give effect to, the intention of the legislature. They cannot read into a statute something that is not within the manifest intention of the lawmaking body as gathered from the statute itself. To depart from the meaning expressed by the words is to alter a statute—it is to legislate and not to interpret.

If the obvious meaning of a statute should be followed by harsh consequences, such a result cannot influence the courts in administering the law. The responsibility for the justice or wisdom of legislation rests upon the legislature, and it is the province of the courts to construe and not to make the laws. (Citing numerous cases.)"

Petitioner here contends that that portion of the statute which says ". ∴ . he shall be paid from the fund a pension of one half (½) of the salary attached to the rank he held on the police force for one year immediately prior to the time of his . . . retirement" should be construed that the words "one year" refer to the rank he held and not to the salary he received for the one-year period. Thus, petitioner maintains that if he had had the rank of sergeant for one year, which is uncontroverted, his pension would be based on his last monthly pay check.

Respondents contend that the plain reading of the statute leads only to the conclusion that the legislative intention was that the petitioner should receive one-half his salary for one year prior to his retirement, and that the word "rank" should be construed to mean rank or ranks. They cite Ill. Rev. Stat., 1951, ch. 131, sec. 1.03 [Jones Ill. Stats. Ann. 27.13(3)], which refers to construction of statutes, as follows:

"Words importing the singular number may extend and be applied to several persons or things . . ."

 We see nothing inequitable or strained arising out of respondents' construction of the statute. Pension laws are passed not to cover every individual case but to provide a general rule to apply to all who may come under their beneficent provisions. While they are to be liberally construed to carry out their purposes, they are also to be construed to protect the municipality and the employee, both of whom contribute to the fund. If the recipient should receive an

increase in rank or a pay increase a short time before he is pensioned, less than a year, it seems to us that the legislative intent is that before he should receive an increased pension, he should have at least partly earned it. The legislature might well have thought that it would not be fair to the pension fund or the city to have a pension fixed at one-half the last month's pay. This construction of the statute would also at times be favorable to the disabled pensioner who would be protected from an unjust decrease in rank or pay just prior to his retirement when he most needed it.

In our opinion from the reading of the statute, the legislative intention is plain. The sensible and proper construction to be given to it is that the petitioner is entitled to a pension of one-half of the salary which he received as a police sergeant for one year preceding his retirement, payable in twelve equal installments of $151.67 each. The trial court was correct in so construing the statute, and the judgment of that court should be and is affirmed.

*Judgment affirmed.*