James Legan, d/b/a Pink Mist Lounge, Plaintiff-Appellant, v. Illinois Liquor Control Commission of the State of Illinois, and Eugene Domingue, Liquor Control Commissioner of the Village of Hanover Park, Illinois, Defendants-Appellees.

Gen. No. 53,253.

First District, Third Division.

September 11, 1969.

Schippers, Betar & Lamendella, of Chicago (Joseph A. Lamendella, and David P. Schippers, of counsel), for appellant.

William J. Scott, Attorney General of State of Illinois, of Chicago (Francis T. Crowe, Donald J. Veverka, and A. Zola Groves, Assistant Attorneys General, of counsel), for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order of the trial court which affirmed an order of the Illinois Liquor Control Commission (Liquor Commission) upholding the local liquor commissioner's refusal to issue a liquor license to the plaintiff. Plaintiff contends (1) that he was pro-

hibited from introducing certain evidence which would have established his right to a license, and (2) that the decision of the Liquor Commission was against the manifest weight of the evidence. In the view we take of the case only the first contention need be considered.

Plaintiff owned and operated the Pink Mist Lounge in Hanover Park, Illinois since June 1961. He testified that he had between fifteen and twenty thousand dollars invested in the business and that he paid $250 a month rent on a lease running through 1970. All liquor licenses were issued on a calendar year basis. On December 7, 1967 an ordinance was enacted which provided that no Class A–1 licenses would be issued and that the number of Class A licenses would be reduced from three to two. During 1967 plaintiff held a Class A–1 license for which he paid $750. The difference between the two licenses is that in addition to the sale of liquor, a Class A–1 license permits the operation of a dance hall on the premises. Plaintiff mailed his application for a liquor license on December 13, 1967. The application merely stated that it was for a license to sell "beer and liquor." One week later the plaintiff sent a letter to Eugene Domingue, the village president and local liquor commissioner, in which he said he was applying for renewal of his Class A–1 license. Domingue's testimony however shows that he acted on the application as though it were for a Class A license, since no Class A–1 licenses were available. Plaintiff's application was considered along with two other applications made by licensees then doing business under Class A licenses. The dates on which the other two applications were received by the village clerk is not shown. It does appear however that one was not notarized until three days after plaintiff's application was mailed and the other was notarized the day before plaintiff's application was mailed. On December 26, 1967, after issuing two Class A licenses to the other two applicants, Domingue sent plaintiff a letter advising him there was no license available for him.

385

Plaintiff appealed to the Illinois Liquor Control Commission and a hearing was set for January 23, 1968. On February 16, 1968 the Liquor Commission entered the order affirming Domingue's decision. Plaintiff's petition for rehearing was denied on March 5, 1968 and the complaint for administrative review was then filed. On April 8, 1968 the trial court affirmed the order of the Liquor Commission.

Plaintiff contends that he was improperly prohibited from introducing certain evidence which would have established his right to a license. In support of that contention he cited several instances of what he considered to be improper exclusion of competent evidence. A careful examination of the record reveals that in all but one of those instances the evidence was either irrelevant or was introduced at some point in the proceedings other than that referred to and in some instances was not presented at the hearing, but was first urged in the petition to the Liquor Commission for rehearing. In one instance however the plaintiff's argument appears to have merit. The record shows that he was not permitted to question Gail Alvera, a former waitress and manager of plaintiff's lounge, about a conversation which she allegedly had with Domingue and one Barney Dowell in August 1967. After an objection to the testimony was sustained, plaintiff made an offer of proof that Mrs. Alvera would testify that Domingue said, "I am going to get [Legan] and I am going to get his license one way or the other. I want that license for myself." Obviously, if true, this would be an admission showing bias. Plaintiff was not permitted to make that proof and the question arises whether this was such error as to require reversal and remandment.

The Administrative Review Act (Ill Rev Stats, c 110, § 275 (1967)) provides:

"(2) Technical errors in the proceedings before the administrative agency or its failure to observe the

technical rules of evidence shall not constitute grounds for the reversal of the administrative decision unless it appears to the trial court that such error or failure materially affected the rights of any party and resulted in substantial injustice to him."

The error in this case cannot be considered as merely technical. If the testimony had been admitted and found credible, the result could well have been different. For that reason the judgment must be reversed and the cause remanded for such other and further proceedings as are consistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

DEMPSEY, P. J. and McNAMARA, J., concur.