5 Ill. App.3d 180 (1971)
281 N.E.2d 368
RICHARD D. PETERSON, Plaintiff-Appellee,
v.
THE BOARD OF TRUSTEES OF THE FIREMEN'S PENSION FUND OF THE CITY OF DES PLAINES et al., Defendants-Appellants.
No. 54648.
Illinois Appellate Court  First District.
October 7, 1971.
Rehearing denied April 6, 1972.
*181 Robert J. Di Leonardi, of Chicago, for appellants.
Joseph A. Londrigan and Thomas F. Londrigan, both of Springfield, and R.G. Schlager, of Chicago, for appellee.
Judgment reversed conditionally; cause remanded.
*182 Mr. JUSTICE DEMPSEY delivered the opinion of the court:
The Circuit Court reversed a decision of the Board of Trustees of the Firemen's Pension Fund of the City of Des Plaines which had denied the application of the plaintiff, Richard Peterson, for a firemen's disability pension as provided by Ill. Rev. Stat., 1965, ch. 108 1/2, par. 4-110. This appeal is by the City of Des Plaines, pursuant to the Administrative Review Act (Ill. Rev. Stat., 1965, ch. 110 pars. 264-279, from the judgment of the court.
In August 1958 Peterson became a member of the Des Plaines Fire Department and remained on active duty as a fireman until July 1964. In December 1962 he was exposed to phosgene gas while fighting a fire and this resulted in a cardiac injury. The injury prevented him from performing his duties as a fire fighter subsequent to July 1964.
In October 1964 the Board of Fire and Police Commissioners granted Peterson, who was then 30 years of age, a one-year's leave of absence from the department, and in the same month he became employed as a salesman of alcoholic beverages. He applied for an extension of his leave of absence in 1965, but no action was taken on the application. In April 1965 he applied to the Board of Trustees of the Firemen's Pension Fund for a disability pension. Hearings upon the application began in April 1966 and were concluded in September. The board denied his application and determined that the evidence failed to show that he was physically or mentally permanently disabled for service in the fire department so as to necessitate his retirement from the fire service.
Peterson sought administrative review in the Circuit Court, and the decision of the board was reversed as being manifestly against the weight of the evidence. The board of trustees chose not to appeal; the City of Des Plaines, however, which had been a party both in the original administrative proceedings and in the Circuit Court, appealed from the court's decision. Peterson moved to dismiss the appeal on the ground that the City did not have the legal capacity to appeal from the judgment. The motion was taken with the case.
 1-3 Ill. Rev. Stat., 1965, ch. 110, par. 271, provides:
"In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants."
The City appeared at the hearing before the board of trustees and took a position adverse to Peterson, therefore, joined the City as a defendant when he sought review of the administrative decision.
Section 81 of the Civil Practice Act provides:
"In all cases in which a judgment, order or decree, reviewable by *183 the Appellate or Supreme Court, is rendered in any court, in any case or proceeding whatever, against 2 or more persons, 1 or more of said persons may take an appeal * * *." Ill. Rev. Stat., 1969, ch. 110, par. 81.
It has been held, however, that only those parties to an administrative proceeding whose rights, privileges, or duties are affected by the decision of the administrative agency may seek review of its decision. The parties seeking review must allege and prove that the agency's decision adversely affects them. (222 East Chestnut Street Corp. v. Board of Appeals of Chicago (1958), 14 Ill.2d 190, 152 N.E.2d 465.) The plaintiff contends that the City is not directly affected by the decision of the court compelling the board of trustees to award him his pension. The City council is vested by statute with the duty to "establish and administer a firemen's pension fund * * * for the benefit of its firemen * * *." (Ill. Rev. Stat., 1965, ch. 108 1/2, par. 4-101.) The interest of the City is more substantial than, for example, that of an individual taxpayer who has been held not a proper party to obtain a review of an administrative decision. (Castleman v. Civil Service Commission (1965), 58 Ill. App.2d 25, 206 N.E.2d 514.) The number of firemen given disability pensions directly affects the duty of the City to provide its proportion of funds to enable the pension system to function. The City, therefore, has the right to appeal the court's decision and the motion to dismiss is denied.
The City asserts that the trial court erred in reversing the decision of the board of trustees. The statute states that a disability pension resulting from a service connected injury is to be paid when the applicant is found: "* * * upon examination by a competent physician ordered by the Board, to be physically or mentally permanently disabled for service in the fire department, so as to render necessary his retirement from the fire service * * *." (Ill. Rev. Stat., 1965, ch. 108 1/2, par. 4-110.) The board determined that though Peterson suffered from a heart condition, duties existed within the fire prevention unit of the fire department which could be performed by an individual with his physical and mental capacities. At the time Peterson's cardiac condition was discovered his position in the department was that of fire fighter and he contends that since he can no longer perform the duties of a fire fighter, he should be granted a disability pension.
 4, 5 In construing a statute, it is to be presumed that the legislature intended the words to have their ordinary meaning unless a statutory definition indicates a contrary intention. (People v. Spencer (1971), (Ill. App.2d), 268 N.E.2d 192; People v. La Porte (1960), 28 Ill. App.2d 139, 171 N.E.2d 95.) The statute under consideration speaks of granting *184 a disability pension when it is necessary for the applicant to retire "from the fire service." It does not award such a pension to a fireman who can no longer carry out his accustomed duties but who can perform other functions necessary to the operation of the fire department and which may be performed by men of similar rank. This was the rationale underlying the decision in Mulder v. Board of Trustees of Firemen's Pension Fund (1968), 103 Ill. App.2d 174, 242 N.E.2d 627, leave to appeal denied March 1969. In Mulder a pension was sought by a fireman who, because of a disability not incurred in the performance of an act of duty, was prevented from discharging unlimited firemen's duties. However, he was capable of performing the duties of fire inspector. The court determined that duty as a fire inspector constituted service in the fire department, and since the applicant could perform such service his disability did not necessitate retirement from "the fire service." Similarly, in Van Ort v. Board of Trustees of Police Pension Fund (1949), 337 Ill. App. 489, 86 N.E.2d 273, where the injury was service connected, the court determined that the policeman who applied for a pension was not so extensively injured that he was unable to perform specified tasks in the police department and, therefore, he was found not so disabled as to entitle him to a pension. Accordingly, the physical disability necessitating the granting of a pension to Peterson must be such as to prevent him from rendering service in the fire department.
 6-8 The findings of an administrative commission are to be held prima facie true and correct. (Ill. Rev. Stat., 1969, ch. 110, par. 274; Brewton v. Civil Service Commission (1969), 115 Ill. App.2d 460, 253 N.E.2d 504.) On administrative review the court's function is limited to ascertaining if the findings and decision of the administrative agency are against the manifest weight of the evidence. (Coursey v. Board of Fire & Police Com'rs of Skokie (1967), 90 Ill. App.2d 31, 234 N.E.2d 339; Avent v. Police Bd. of City of Chicago (1964), 49 Ill. App.2d 228, 199 N.E.2d 637.) In the present case there was substantial evidence to sustain the board's denial of a pension. The physician who examined the plaintiff at the request of the board testified that although he could no longer perform the duties of a fire fighter without further damage to his health, he could perform those of a member of the Fire Prevention Bureau. These duties would consist of working a forty-hour week, with approximately five hours per day in the field inspecting buildings and the remainder spent in doing desk work. No fighting of fires or strenuous physical exertion would be permitted.
Peterson's ability to engage in physical activity such as that required in the Fire Prevention Bureau was indicated by his success, since October 1964, in carrying out the duties of a traveling salesman for intoxicating *185 beverages. This occupation compelled him to work up to forty-two hours a week traveling throughout the State of Illinois, generally by automobile. Occasionally it was necessary for him to lift cases of liquor into his automobile and climb stairs. The fire chief testified that the Des Plaines City Council had authorized two additional positions in the department and a position in the Fire Prevention Bureau would be offered to Peterson if he returned to active duty, and that special directives would be issued so that he might avoid undue exertion. Although Peterson's physician testified that he did not think his physical condition suited him for work in the Fire Prevention Bureau, the board chose to accept the testimony of the physician who testified that it did. A court cannot substitute its judgment for that of an administrative agency and cannot overturn administrative findings unless they lack substantial foundation in the record. (Bayer v. Zoning Board of Appeals (1970), 126 Ill. App.2d 374, 261 N.E.2d 791.) As there was substantial evidence supporting the conclusion of the board, the trial court erred in overruling the order of the board.
 9 The plaintiff argues that the decision of the court should be sustained because the participation of the City Attorney of Des Plaines at the hearing before the board of trustees denied him a fair hearing. Since the City had a substantial interest in the expenditure of pension funds, it had a right to be represented at the hearing. Pursuant to Ill. Rev. Stat., 1965, ch. 108 1/2, par. 4-121, some City officials were members of the board of trustees. The plaintiff does not challenge the membership of the board or the validity of the statute. He does contend, however, that prejudice resulted from communication prior to the hearing between the City attorney and board members concerning his application. He criticizes a letter written several months before the hearing at the board's request, which discussed the issues bearing upon his application for a pension.
The letter set forth the requirements for granting a disability pension as stated in Ill. Rev. Stat., 1965, ch. 108 1/2, par. 4-110, and suggested two questions of fact which were raised by the application: "first, whether the applicant is in fact disabled within the meaning of the law, and, second, if he is so disabled, whether such disability was the result of his performance of an act of duty as a fireman." The letter discussed the facts as they were then known concerning Peterson's physical condition and raised a question upon which the attorney said he had found no authority either way: whether a pension should be denied an applicant if he was physically capable of serving in a capacity less strenuous than a fire fighter  such as a desk-type position. The attorney said it would seem that if such a position were available in the department, *186 Peterson, who was employed as a traveling salesman, would be able to assume such a job and his retirement from the fire service would not be necessary. The letter then detailed the statutory requirements "as an additional guide to you in reaching your decision" and stated that if the board found the requirements were met it was mandatory that it grant the disability pension. The letter concluded:
"Your responsibility as Board members is a very great one, and the judgments you are called upon to make are not easy ones, as exemplified by this case. However, I am confident that you will review carefully the evidence before you and render a fair decision. The comments which I have set forth in this letter are in no way meant to sway your opinion one way or the other, but I offer them to you simply as my thoughts on the matter. I hope that they will be of some help to you."
 10 The letter was a fair and frank outline of the problems the board would face at the hearing and the decisions it would have to make. The issues outlined were identical to those which developed at the hearing. The viewpoint of the City in reference to the applicant's retention in the department, as indicated in the letter, was identical with its position at the hearing. There was nothing sinister or secretive about the City's viewpoint or position. There was nothing surreptitious about the attorney's communication to the board. The request for his comments was made by the board at an open and regular meeting. There is nothing to suggest that the letter influenced the board or the City officials who were members of the board. These three officials voted independently and were divided in their decision.
This case is distinguishable from Miller v. Board of Education of District No. 132 (1964), 51 Ill. App.2d 20, 200 N.E.2d 838, the case cited by the plaintiff. The issue in Miller was the dismissal of a school teacher. The attorney for the school board took a position adverse to that of the teacher and assisted the board in its decisions concerning the admissibility of evidence. In the present case independent counsel was employed to aid the board in answering legal questions; the City attorney's participation in the trial was limited to representing the City.
When he was first called as a witness the fire chief said there was no suitable position open in the department to which Peterson could be appointed. In subsequent testimony he said there was. Although we conclude that a suitable position was available to Peterson at the time of the board's decision, we have no way of knowing whether one is available now. The case will be remanded for the purpose of ascertaining if such a position is available. If a firm offer is made to Peterson of a position comparable in working conditions, compensation and tenure *187 to the one previously open to him, the judgment is to be vacated and the decision of the board of trustees upheld. If, within a reasonable time to be fixed by the court, such a position is not offered to him the judgment is to remain in force. The judgment is, therefore, conditionally reversed and the cause is remanded.
Judgment reversed conditionally; cause remanded with directions.
McNAMARA, P.J., and McGLOON, J., concur.