THE CITY OF BENTON POLICE DEPARTMENT, Petitioners-Counterrespondents, v. THE HUMAN RIGHTS COMMISSION *et al.*, Respondents (Paul Lampley, Respondent-Counterpetitioner).

Fifth District   No. 5—86—0160

Opinion filed August 7, 1987.—Rehearing denied September 29, 1987.

Douglas N. Dorris, of Harris, Lambert & Wilson, of Marion, for petitioner City of Benton Police Pension Board.

Charles L. Quindry and Jeffrey A. Goffinet, both of Caldwell, Troutt, Alexander, Quindry & Popit, of Benton, for petitioner City of Benton Police Department.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Diane M. Curry, Assistant Attorney General, of Chicago, of counsel), for respondent Human Rights Commission.

Edward J. Kionka, of Murphysboro, and J. Lawrence Sanders, of James W. Sanders & Associates, of Marion, for respondent Paul Lampley.

JUSTICE WELCH delivered the opinion of the court:

Paul Lampley filed a charge with the Illinois Department of Human Rights alleging the refusal of the city of Benton police pension board (the board) to reinstate him as a police officer was an unlawful act of discrimination based on a handicap. The Department of Human Rights filed a complaint with the Illinois Human Rights Commission (the Commission) on Lampley's behalf. The Commission concluded Lampley was discriminatorily refused reinstatement and ordered Lampley reinstated with back pay. The board and the city of Benton police department petitioned this court for review. Lampley cross-appealed regarding the amount of damages awarded by the Commission.

The police department employed Lampley as a police officer from 1969 until 1973, when the board placed him on disability status with disability pension for employment-related ulcers and "anxiety state." Lampley applied for reinstatement in 1981. The board ordered Lampley examined by three physicians, then refused to reinstate him and continued his disability pension. Instead of commencing administrative review of board's decision as expressly permitted by section 3—148 of the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 3—148), Lampley initiated this action before the Commission, obtaining an award in his favor.

In this appeal, the board and the police department contend the Commission was without authority to consider the complaint on behalf of Lampley because the board has the authority to control and manage, "exclusively," the police pension fund (Ill. Rev. Stat. 1981, ch. 108½, par. 3—132), and the board's decision could only be reviewed by an Illinois circuit court under the Administrative Review Act (Ill. Rev. Stat. 1981, ch. 110, par. 264 *et seq.*). This court effectively decided the issue in *Board of Trustees of the Police Pension Fund of the City of Urbana v. Illinois Human Rights Com.* (1986), 141 Ill. App. 3d 447, 490 N.E.2d 232. In *Urbana,* an applicant for the position of policeman applied to participate in the police pension fund of the city of Urbana. The board of trustees of the fund denied the application. Instead of appealing this denial, the applicant filed a charge of discrimination with the Illinois Department of Human Rights against the board, whose motion to dismiss the complaint was denied. The board then sought a circuit court order prohibiting the Commission from proceeding on the applicant's complaint. The circuit court issued a temporary order of prohibition, but later dissolved the order and dis-

missed the board's complaint. This court reversed, concluding the intention of the legislature as expressed in the Illinois Pension Code (Ill. Rev. Stat., 1984 Supp., ch. 108½, par. 1—101 *et seq.*) was to give the board exclusive authority over issues of eligibility to participate in the police pension fund.

■■ Lampley and the Commission argue this court decided *Urbana* incorrectly and should not follow it. The Commission and Lampley argue *Urbana* failed to effectuate the intention of the legislature as expressed in the Illinois Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 1—101 *et seq.*), which authorizes the Commission to hear and decide claims of discrimination, including discrimination based on a handicap, and also states: "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." (Ill. Rev. Stat. 1981, ch. 68, par. 8—111(D).) Lampley argues the weakness of *Urbana* is underscored by this court's failure to articulate a clear basis for that decision. The basis for *Urbana* is effectuation of the intent of our legislature as demonstrated by the language of statute and the principle that statutes in apparent conflict should be construed so that both may stand. (*Board of Trustees of the Police Pension Fund v. Illinois Human Rights Com.* (1986), 141 Ill. App. 3d 447, 454, 490 N.E.2d 232, 236.) The provisions of the Illinois Human Rights Act relied upon by Lampley and the Commission appear to conflict with section 3—148 of the Illinois Pension Code in light of the long-standing rule that where it is expressly adopted the Administrative Review Act is the exclusive method of review of the decision of an administrative agency. (*Mason v. Board of Trustees of Southern Illinois University* (1984), 125 Ill. App. 3d 614, 617, 466 N.E.2d 365, 367-68; *Moline Tool Co. v. Department of Revenue* (1951), 410 Ill. 35, 37-38, 101 N.E.2d 71, 73.) It is always appropriate to assume our elected representatives know the law. (*Cannon v. University of Chicago* (1979), 441 U.S. 677, 696-97, 60 L. Ed. 2d 560, 575-76, 99 S. Ct. 1946, 1957-58.) In *Urbana* this court resolved the apparent conflict to give effect to the provisions of both of the statutes in question. For the reasons which follow, we adhere to that decision as a fair and appropriate resolution of the ultimate issue of legislative intent.

Lampley and the Commission argue this case should be controlled by *City of Cairo v. Fair Employment Practices Com.* (1974), 21 Ill. App. 3d 358, 315 N.E.2d 344. In *Cairo* this court made no attempt to reconcile the apparent statutory conflict urged in the instant case; the exclusivity of the legislative grant of authority to the pension board in matters concerning the pension fund was not in question.

▉ Lampley and the Commission also argue that following *Urbana* in the instant case results in depriving Lampley of a forum to air his discrimination claim. This apparent injustice disappears when one compares the apparently conflicting statutes. As noted above, the authority expressly granted to a police pension board by the legislature under the Illinois Pension Code is exclusive, while the Illinois Human Rights Act provides no court of this State shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in that Act, "[e]xcept as otherwise provided by law." (Ill. Rev. Stat. 1981, ch. 68, par. 8—111(D).) In *Urbana* this court concluded the Illinois Pension Code implicitly vested the board of trustees of the police pension fund with jurisdiction over the subject matter of certain alleged civil rights violations. The Commission urges the Illinois Pension Code is not an express statutory exception to the jurisdiction of the Commission, but the Illinois Pension Code does not require that such exceptions be "otherwise expressly provided by statute." We agree with Lampley and the Commission that the standard applied by a circuit court hearing an administrative review of the decision of a police pension board will not be the same as the standard applied by the Commission and that this has policy implications one may or may not deem desirable in light of the nature of claims heard by the Commission and the special interest the public has in its police force. Such matters of policy are the province of the legislature and not this court.

In light of our conclusion that the Illinois Human Rights Commission was without authority to hear and decide the instant case, we need not consider the other points raised by the board and the police department and will not consider Lampley's cross-appeal concerning the measure of damages. For the foregoing reasons, the February 13, 1986, decision of the Illinois Human Rights Commission is vacated.

Order vacated.

KASSERMAN and HARRISON, JJ., concur.