WILLIAM WOLFE, Plaintiff-Appellee, v. BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellants.

First District (2nd Division)   Nos. 87—1742, 87—1743 cons.

Opinion filed May 31, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Susan Frederick Rhodes, Special Assistant Attorney General, of Chicago, of counsel), for appellant Illinois State Board of Education.

Patricia J. Whitten, of Chicago, for appellant Board of Education of City of Chicago.

Michael Radzilowsky and Deborah Dobish, both of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff, William Wolfe, a tenured teacher of the Board of Education of the City of Chicago (hereinafter Board of Education), filed a complaint in the circuit court of Cook County under the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*). He urged the court to reverse an administrative decision of the Illinois State Board of Education (hereinafter ISBE) by hearing officer Allen D. Schwartz ordering plaintiff's dismissal. On administrative review, the circuit court entered an order remanding the cause to the ISBE for a new hearing on the grounds that plaintiff was inadequately rep-

resented by counsel at the administrative hearing. The Board of Education and ISBE filed this timely appeal.

The sole issue presented is whether the circuit court, under the Administrative Review Law, has the authority to order a new hearing due to the inadequate legal representation of the losing party.

■■ In an administrative review proceeding, the circuit court is limited to those powers specifically granted under the Administrative Review Law. (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) The law provides that the circuit court has the power to affirm or reverse the decision of the administrative agency in whole or in part; to reverse and remand the decision of the administrative agency in whole or in part, and, in such cases, to state the questions requiring further hearing or proceedings; or to remand for the purpose of taking additional evidence. (Ill. Rev. Stat. 1985, ch. 110, par. 3—111(a).) None of the enumerated powers contemplates remand to the administrative agency due to inadequate representation of the losing party. On administrative review, the circuit court is limited to determining if the findings and decision of the administrative agency are against the manifest weight of the evidence. Ill. Rev. Stat. 1985, ch. 110, par. 3—110; *Burke v. Board of Review* (1985), 132 Ill. App. 3d 1094, 477 N.E.2d 1351, *appeal denied* (1985), 106 Ill. 2d 553.

■ The proceedings to remove a teacher for cause are governed by section 34—85 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 34—85). "The State Board of Education shall promulgate uniform standards and rules of procedure for such hearings including reasonable rules of discovery. *** The teacher *** has the privilege of being present at the hearing with counsel and of cross-examining witnesses and may offer evidence and witnesses and present defenses to the charges." (Ill. Rev. Stat. 1985, ch. 122, par. 34—85.) The provisions of the Administrative Review Law "shall apply to and govern all proceedings instituted for the judicial review." Ill. Rev. Stat. 1985, ch. 122, par. 34—85b.

There is no requirement that a teacher be represented by counsel during the dismissal hearing. The regulations provide only that the parties may be represented by counsel—not that they must be. (23 Ill. Admin. Code 52.70(b), (c)(1) (1985).) In the proceedings before the ISBE, plaintiff was represented by two attorneys from a firm that is actively engaged in this type of litigation. One of the attorneys was an experienced Illinois attorney with a significant role at the hearing. This attorney actively participated during the direct and cross-examination of the principal witnesses. The basis for the assertion of incompetence is that plaintiff's other attorney was not admitted to the Illi-

nois bar and was a member of the Pennsylvania bar for only six weeks prior to the hearing. This inexperienced counsel had a limited role at the hearing.

■ In certain criminal cases, there is a constitutional right to counsel. (US. Const., amends. VI, XIV.) These constitutional provisions require adequate representation by counsel. Stringent and carefully constructed standards have evolved in the area of criminal law where the personal liberty of the accused is at stake. Those cases reveal that the burden of proof of inadequacy of counsel is on the defendant, who must affirmatively show the fact of inadequacy and its prejudical impact on and undermining of the reliability of the outcome. *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246, *cert. denied* (1985), 471 U.S. 1044, 85 L. Ed. 2d 335, 105 S. Ct. 2061, *rehearing denied* (1985), 472 U.S. 1013, 86 L. Ed. 2d 730, 105 S. Ct. 2715.

■ Plaintiff has not cited, and we are not aware of, any comparable constitutional right to be adequately represented by counsel in a civil matter or an administrative hearing. Plaintiff also failed to cite any Illinois case which holds that inadequacy of counsel constitutes grounds for a new trial or new hearing in a civil proceeding.

In *Andrea Dumon, Inc. v. Pittway Corp.* (1982), 110 Ill. App. 3d 481, 491, 442 N.E.2d 574, *appeal denied* (1983), 93 Ill. 2d 541, this court held:

> "Plaintiff's final contention is that it was deprived of a fair trial because plaintiff's trial counsel, now deceased, was too ill during trial to present plaintiff's case adequately, and that a new trial should be granted for that reason. The factual support for this contention is little more than a bare assertion, and *no authority is cited for the proposition that a civil judgment may be reversed because of a party's dissatisfaction with its chosen attorney. It has been held that it is an abuse of discretion to allow a motion for a new trial in a civil case when the basis of the motion is inadequacy of counsel for the losing party.*" (Emphasis added.)

Other jurisdictions agree with the position taken by the Illinois courts. After reviewing cases from other jurisdictions, the Indiana Appellate Court in the case of *In re Marriage of Ford* (Ind. App. 1984), 470 N.E.2d 357, 360, held:

> "We have found no Indiana case considering the issue of ineffective assistance of counsel as a ground for a new trial in the civil context. However, other jurisdictions have addressed the

issue with near unanimity that no such relief should be granted. The holdings of these cases can best be summarized in the statement of the Arizona Supreme Court in *King v. Superior Court* (1983), 138 Ariz. 147, 673 P.2d 787[, 791] 'that a party's mere dissatisfaction with his own counsel or allegations of his own counsel's neglect, inadvertence, or mistake do not justify the granting of a new trial in civil cases.' '' ·

It would be unfair to put the prevailing party in a civil case to the inconvenience and expense of a new trial because the losing party has problems with its attorney. The ends of justice would not be served by prolonging controversies for that reason. The losing party has other remedies available to correct any alleged wrongdoing on the part of the law firm or attorneys who undertook to represent him.

We therefore conclude that the circuit court erred when it remanded this cause for a new hearing based on the alleged inadequacy of plaintiff's counsel.

Even if the plaintiff had a constitutional right to adequate representation by counsel, which he obviously does not, a review of the record reveals that he has not met the burden of establishing inadequate representation and its prejudicial impact. He was represented by a Chicago law firm which is experienced in this type of litigation. His allegation of incompetency is based on the minor role of a junior attorney who was assisting an experienced and able senior attorney.

■ Finally, plaintiff contends that the fact that the junior attorney with the firm was not a member of the Illinois bar and admitted to the Pennsylvania bar for only six weeks prior to the hearing rises to the level of newly discovered evidence under section 3—111(a)(7) and warrants a new hearing. (Ill. Rev. Stat. 1985, ch. 110, par. 3—111(a)(7).) We disagree.

The finding by the circuit court that plaintiff was not afforded adequate representation is not newly discovered evidence as that term is contemplated under section 3—111(a)(7). That is, it is not newly discovered evidence material to the issues involved in the dismissal charges against plaintiff. Evidence is material "where it is relevant and goes to substantial matters in dispute." (*United States v. DeLucia* (7th Cir. 1958), 256 F.2d 487, 491, *cert. denied* (1958), 358 U.S. 836, 3 L. Ed. 2d 72, 79 S. Ct. 59, *rehearing denied* (1958), 358 U.S. 896, 3 L. Ed. 2d 123, 79 S. Ct. 152.) The mere allegation of inadequacy of plaintiff's counsel in plaintiff's brief on administrative review is not newly discovered evidence material to the matter in dispute. The matter in dispute before the circuit court in this administrative review proceeding was whether or not the Board of Education had

proven the charges against plaintiff, warranting his dismissal.

Accordingly, the order of the circuit court of Cook County remanding this cause to the ISBE for rehearing is reversed. The order of the trial court did not make any finding or determination regarding the sufficiency of the evidence to support the decision of the hearing officer. Therefore, this cause is remanded to the circuit court to complete its review pursuant to the provisions of the Administrative Review Law.

Reversed and remanded with directions.

STAMOS* and SCARIANO, JJ., concur.

---

*Justice Stamos participated in the decision of this case prior to taking office as a supreme court judge.