THE VILLAGE OF STICKNEY, Plaintiff-Appellee, v. THE BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE VILLAGE OF STICKNEY *et al.*, Defendants (Richey A. Hare, Defendant-Appellant).

First District (2nd Division)   No. 1—03—1111

Opinion filed March 30, 2004.

Richard J. Reimer and Richard J. Puchalski, both of Law Offices of Richard J. Reimer, of Hinsdale, for appellant.

Donald J. Kreger and Ruth E. Krugly, both of Schiff Hardin L.L.P., of Chicago, for appellee.

PRESIDING JUSTICE WOLFSON delivered the opinion of the court:

Does a municipality have the right to participate in a pension board hearing when one of its police officers seeks a duty-related disability pension? Or does the board have the discretion to decide whether there will be participation and, if so, how much? We address those questions in this appeal.

The Board of Trustees of the Police Pension Fund of the Village of Stickney (the Board) denied the Village of Stickney's (the Village) request to participate in a hearing on Richey Hare's application for duty-related disability pension. When the Village sought administrative review, the circuit court found the Board abused its discretion by preventing the Village from participating at the hearing. The circuit court set aside the Board's decision and remanded the cause for a new hearing.

On appeal, Hare contends the Illinois Pension Code (Code) gives the Board "exclusive control" of the pension fund and nothing in the Code gives a municipality the right to participate. See 40 ILCS 5/3—132 (West 2002). The Village contends it has the right to participate as a "party in interest" (see 40 ILCS 5/1—101.3 (West 2002)) with a financial stake in the Board's decisions. We conclude the Village's participation, in whole or in part, is left to the Board's discretion, which, in this case, was not abused. We reverse the trial court's order and remand for further consideration.

FACTS

Defendant Richey Hare worked as a police officer for the plaintiff,

the Village of Stickney. In 2001, Hare applied for a duty-related disability pension. On September 17, 2001, the Board held a hearing to consider Hare's application.

At the hearing, the Village appeared through its attorneys, Donald Kreiger and Henry Sledz, and requested permission to participate as a party. The Village attorneys said they wanted to cross-examine the witness, Hare, and review the evidence to make sure it was presented properly and was admissible. The Village's attorneys argued the Village was an interested party due to the possible financial impact of any pension awarded by the Board. They also argued Hare would not be prejudiced because Sledz notified Hare's attorney of the Village's intent to participate. The Board unanimously denied the Village's request to participate.

During the hearing, the Board accepted several documents into evidence. Hare testified, and Board members cross-examined him. At the conclusion of the hearing, the Board granted Hare's application for a duty-related disability pension.

In the subsequent written order, the Board set forth in detail its factual findings, analysis, and conclusions. The Board also reviewed the Village's request to intervene. The Board indicated it sent the Village's attorney, Mr. Kreiger, a letter and facsimile on August 24, 2001, advising him as follows:

" 'If you wish to file a petition to intervene, please advise our office on or before August 27, 2001. We will then set up a briefing schedule....' "

The Village never responded. The record on appeal does not include a copy of the Board's letter.

In its order, the Board reviewed the cases argued by the Village's attorneys at the hearing and concluded:

"The statute makes no provision for intervention by the municipality in a hearing granting a pension or other benefits. The Village attorneys were not persuasive in their position as to the right to intervene."

The Village filed a complaint in the circuit court seeking administrative review of the Board's decision, alleging the Board wrongfully denied the Village's request to participate at the hearing. The Village asked the court to set aside the Board's decision and order a new hearing to allow the Village to participate. The Village also asked the court to find the Board's decision to award a duty-related disability pension was against the manifest weight of the evidence.

The Board filed a motion to dismiss, contending the Village was not a party to the administrative proceedings and lacked standing to seek administrative review. Hare joined the Board's motion.

The circuit court denied the Board's motion to dismiss and ultimately found the Board erred when it prevented the Village from participating in the hearing. The court said:

> "The Pension Board's decision to deny the 'Village the right to intervene in the pension benefit hearing' for the reasons set forth in the Decision and Order is not supported in the record as an appropriate exercise of its discretion in presiding over the hearing."

The court set aside the Board's decision, remanded the cause for a new hearing, and instructed the Board to allow the Village to participate. The court specifically stated it would not decide whether the Board's decision to award a duty-related disability pension was against the manifest weight of the evidence, because such review was not proper until the Village was given the opportunity to participate in the hearing.

## DECISION

### I. Standard of Review

■ Our review of the Pension Board's decision is governed by the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 2002)). 40 ILCS 5/3—148 (West 2002). We review the final decision of the Board and not the circuit court's determination. *Martino v. Police Pension Board*, 331 Ill. App. 3d 975, 979, 772 N.E.2d 289 (2002). Where there is no question of fact, and the issue is solely one of law, we review the agency's decision *de novo*. *Martino*, 331 Ill. App. 3d at 980. The threshold issue before us involves a question of law—whether the Village had the right to participate in the pension hearing. Therefore, our standard of review for that issue is *de novo*.

■ In cases involving an agency's interpretation of a statute the agency is charged with administering, the agency's interpretation is considered relevant, but not binding on the court. *Branson v. Department of Revenue*, 168 Ill. 2d 247, 254, 659 N.E.2d 961 (1995).

### II. The Board's Authority to Deny the Village's Participation at Pension Hearing

■ The Village contends it had a right to participate in the pension hearing based on several provisions of the Code. In the definition section, a "party in interest" is defined, in part, as "an employer, any of whose employees are covered by the pension fund or retirement system." 40 ILCS 5/1—101.3 (West 2002). Because the Village was Hare's employer, it asserts it was a "party in interest" with respect to Hare's disability proceeding. We find this contention off the mark. The term "party in interest" is present only in one other section of the

Code, section 1—110, prohibiting fiduciaries from engaging in certain transactions with respect to a retirement system or pension fund. 40 ILCS 5/1—110 (West 2002). We do not believe the "party in interest" definition section applies to the question of whether an entity may participate in a pension fund hearing.

Similarly, the Code provision prescribing the makeup of the Board as including two members appointed by the president of the Village board of trustees (40 ILCS 5/3—128 (West 2002)) does not establish the right of the Village to intervene in hearings conducted by the Board. Neither do the Code provisions defining the types of disability pensions that may be awarded to police officers. See 40 ILCS 5/3—114.1 (West 2002) (a line-of-duty disability pension shall amount to 65% of a police officer's salary); 40 ILCS 5/3—114.2 (West 2002) (a nonduty disability pension shall amount to 50% of that salary). While the Code does assign the Village the duty to finance the pension fund by levying taxes (40 ILCS 5/3—125 (West 2002)), nothing in the Code suggests a municipality's duty gives it a right to intervene in pension hearings.

The Village also relies on several cases to support its contention that it has an interest in pension decisions, thereby giving it the right to participate in hearings.

First, the Village contends it has the due process right to cross-examine adverse parties in administrative hearings, citing *People ex rel. Klaeren v. Village of Lisle*, 202 Ill. 2d 164, 781 N.E.2d 223 (2002). In *Klaeren*, the plaintiffs brought an action against the municipality after they were denied the opportunity to cross-examine witnesses appearing at a public hearing. The hearing was held in part to deal with a special use permit application, which would affect the plaintiffs' property rights. The circuit court ordered a preliminary injunction in favor of the plaintiffs, and the municipality appealed. The Illinois Supreme Court affirmed the preliminary injunction after finding the plaintiffs showed a reasonable likelihood the court would conclude the plaintiffs had a due process right, as interested property owners, to cross-examine witnesses at the public hearing. *Klaeren*, 202 Ill. 2d at 185.

*Klaeren* recognizes an interested property owner's due process right to cross-examine witnesses at a special use permit hearing—a much different factual situation than presented here. In its brief, the Village does not offer any argument to support its contention that the Village, a governmental entity charged with levying taxes, is entitled to the same due process as the property owners in *Klaeren*. Neither *Klaeren* nor any other case we have found holds a municipality is able to assert constitutional due process rights. See *City of Evanston v.*

*Regional Transportation Authority*, 202 Ill. App. 3d 265, 275-78, 559 N.E.2d 899 (1990) (governmental entities do not possess due process rights under federal and state constitutions). We find the court's decision in *Klaeren* is bound to the facts in that case and is not controlling here.

In *Board of Trustees of the Barrington Police Pension Fund v. Village of Barrington Ethics Board*, 287 Ill. App. 3d 614, 678 N.E.2d 671 (1997), the pension board sought declaratory judgment to prevent the municipality's ethics board from regulating the conduct of the pension board trustees. This court disagreed with the pension board, because unlike the powers given to the pension board under Article 3 of the Code, the sections governing the trustees' fiduciary and ethical obligations did not give the board exclusive authority. *Board of Trustees of the Barrington Police Pension Fund*, 287 Ill. App. 3d at 620-21.

Here, we are dealing with the Board's exclusive powers under Article 3 of the Code; therefore, we find little guidance in *Board of Trustees of the Barrington Police Pension Fund*.

In *Peterson v. Board of Trustees of the Firemen's Pension Fund*, 5 Ill. App. 3d 180, 281 N.E.2d 368 (1971), *aff'd*, 54 Ill. 2d 260, 296 N.E.2d 721 (1973), the circuit court reversed the pension board's decision to deny the plaintiff's application for disability benefits. When the city appealed, the plaintiff moved to dismiss, contending the city lacked the legal capacity to bring the appeal. The court held the city, as a party in both the original pension proceedings and the trial court, had a right to appeal the trial court's judgment. This court said:

> "The interest of the City is more substantial than, for example, that of an individual taxpayer who has been held not a proper party to obtain a review of an administrative decision. [Citation.] The number of firemen given disability pensions directly affects the duty of the City to provide its proportion of funds to enable the pension system to function." *Peterson*, 5 Ill. App. 3d at 183.

The plaintiff in *Peterson* also contended the pension board denied him a fair hearing because the city's attorney was allowed to participate and had sent a letter to the board at its request regarding the plaintiff's application. *Peterson*, 5 Ill. App. 3d at 185. The court said, "[s]ince the City had a substantial interest in the expenditure of pension funds, it had a right to be represented at the hearing." *Peterson*, 5 Ill. App. 3d at 185. The court did not discuss the extent of the city's participation at the hearing.

In *Karfs v. City of Belleville*, 329 Ill. App. 3d 1198, 1204, 770 N.E.2d 256 (2002), the Fifth District followed *Peterson* on the issue of a municipality's standing to seek administrative review of a pension board's decision. The court found the city had standing to seek

administrative review even though it was not a party in the administrative proceeding. The court based its decision on the city's duty to levy taxes to support the pension fund. However, the court warned that a city will not have standing to seek the review of each pension board case, unless the decision directly impacts the municipality's duty or interest. In *Karfs*, the court found the city had standing to seek review because the pension board used an improper method to calculate the plaintiff's pension. If the board continued to miscalculate pensions, it could deplete the pension fund, thereby directly affecting the city's duty to levy sufficient taxes. *Karfs*, 329 Ill. App. 3d at 1204; see also *People ex rel. Campbell v. Swedeberg*, 351 Ill. App. 121, 126, 113 N.E.2d 849 (1953) ("[pension laws] are to be construed to protect the municipality and the employee, both of whom contribute to the fund").

These cases do not persuade us that the Village had a right to intervene in the pension board hearing. Both *Peterson* and *Karfs* held the municipality had standing to seek administrative review, but neither establishes a municipality's right to intervene at the administrative proceeding itself. The Village of Stickney's right to seek administrative review in this case is not seriously challenged. Nor do we see it as an issue on appeal.

However, we agree with the trial court that the Board has the power to exercise its discretion in deciding whether to allow a party to intervene. While there is no specific section granting that authority, we believe the Pension Code grants the Board the general authority to conduct hearings and to allow or disallow full or partial participation in those hearings.

Illinois courts have confronted this issue in the context of the Illinois Pollution Control Board (Pollution Control Board), which handles administrative appeals. In *County of La Salle ex rel. Peterlin v. Pollution Control Board*, 146 Ill. App. 3d 603, 497 N.E.2d 164 (1986), and *Land & Lakes Co. v. Pollution Control Board*, 245 Ill. App. 3d 631, 616 N.E.2d 349 (1993), the Pollution Control Board's authority to allow or deny a county's request to intervene was challenged. As in this case, neither the controlling statute nor the agency's rules addressed whether the county could intervene in the administrative appeal. In *Land & Lakes Co.*, 245 Ill. App. 3d at 640, the court said, "[i]n appropriate circumstances, such as we find here, *the Board has the authority to allow State officials who represent the public interest to intervene* in appeal proceedings before the Board." (Emphasis added.) See also *County of La Salle*, 146 Ill. App. 3d at 611 (holding the Pollution Control Board "did not err in denying the county leave to intervene").

In this case, although the Code is silent as to intervention in administrative hearings, the statute entrusts the Board with establishing and administering a police pension fund. 40 ILCS 5/3—101 (West 2002). Based on section 3—131, the Board has specific enumerated powers and duties (40 ILCS 5/3—131 (West 2002)), including the power
"to control and manage, exclusively, the following:
(1) the pension fund,
(2) investment expenditures and income, *** and
(3) all money donated, paid, assessed, or provided by law for the pensioning of disabled and retired police officers ***." 40 ILCS 5/3—132 (West 2002).

"[T]he intention of the legislature as expressed in the Illinois Pension Code [citation] was to give the board exclusive authority over issues of eligibility to participate in the police pension fund." *City of Benton Police Department v. Human Rights Comm'n*, 160 Ill. App. 3d 55, 57, 513 N.E.2d 29 (1987). It follows the Board must have the authority to hold hearings and establish procedures for those hearings. We believe this includes the authority to decide who may participate in the hearings and to what extent.

This Board must have believed it had some authority to allow Village participation when it sent the letter and facsimile to the Village's attorney on August 24, 2001: " 'If you wish to file a petition to intervene, please advise our office on or before August 27, 2001.' "

We therefore conclude the Board was not statutorily prohibited from allowing the Village to take part in the hearing. It has the discretion to allow participation, in whole or in part. Of course, discretion must be exercised with care. It can be abused.

An administrative agency abuses its discretion when it acts arbitrarily or capriciously. *Southern Illinois Asphalt Co. v. Pollution Control Board*, 60 Ill. 2d 204, 207, 326 N.E.2d 406 (1975); *Hanrahan v. Williams*, 174 Ill. 2d 268, 272-73, 673 N.E.2d 251 (1996) ("[u]nder the Administrative Review Law, courts generally do not interfere with an agency's discretionary authority unless the exercise of that discretion is arbitrary and capricious"). We have examined the record to determine whether the Board acted arbitrarily or capriciously when it barred the Village from participating at the hearing. We do not find an abuse of discretion.

In this case, the Board denied the Village's request to cross-examine Hare. The supreme court in *Klaeren* said, "the right [to cross-examine] is not unlimited and may be tailored by the municipal body to the circumstances specifically before it." *Klaeren*, 202 Ill. 2d at 185. An administrative body may impose limitations on cross-examination, such as requiring notice prior to the hearing or an

explanation of the party's interest in the proceedings, beyond that of the general public. *Klaeren*, 202 Ill. 2d at 186 (agencies may also restrict cross-examination according to subject matter, witness, or factual matters relevant to the agency's decision). We find nothing improper in the Board's decision to impose similar limitations here.

Our conclusion is further supported by a line of cases applying section 3—111(b) of the Administrative Review Law. 735 ILCS 5/3—111(b) (West 2002). Section 3—111(b) states:

> "Technical errors in the proceedings before the administrative agency or its failure to observe the technical rules of evidence shall not constitute grounds for the reversal of the administrative decision unless it appears to the court that such error or failure materially affected the rights of any party and resulted in substantial injustice to him or her." 735 ILCS 5/3—111(b) (West 2002).

This section applies to parties to administrative hearings. While the Village was not permitted to be a party in the pension hearing, we find the cases applying this statute instructive.

In *Huff v. Rock Island County Sheriff's Merit Comm'n*, 294 Ill. App. 3d 477, 483, 689 N.E.2d 1159 (1998), and *Trettenero v. Police Pension Fund*, 333 Ill. App. 3d 792, 801, 776 N.E.2d 840 (2002), exclusion of a party's evidence, including witness testimony, was considered a technical error that did not warrant reversal of the administrative body's decision. Similarly, the decision to allow another party to intervene in an administrative hearing, even though against the agency's procedural rules, is a technical error and will not result in reversal unless the complaining party shows prejudice. *La Salle Partners, Inc. v. Property Tax Appeal Board*, 269 Ill. App. 3d 621, 630-31, 646 N.E.2d 935 (1995) (the board's decision to allow a park district to intervene was a technical error that did not cause reversible prejudice).

In contrast, an agency's decision to exclude evidence may be considered reversible error if the party can show, usually by an offer of proof, the decision prejudiced the party. *Legan v. Illinois Liquor Control Comm'n*, 114 Ill. App. 2d 384, 386-87, 253 N.E.2d 1 (1969); see also *Kankakee County Board of Review v. Property Tax Appeal Board*, 316 Ill. App. 3d 148, 155, 735 N.E.2d 1011 (2000) (finding prejudicial error where the administrative hearing officer denied a party the opportunity to make an offer of proof contrary to the Administrative Code).

Comparing this case to *Huff* and *Trettenero*, we believe the Board's decision to exclude any cross-examination conducted by the Village was not reversible error. Unlike *Legan* and *Kankakee County Board of Review*, the Village has not shown it was prejudiced when the Board prevented it from cross-examining Hare.

Here, the Village failed to make, or even attempt to make, an offer of proof before the Board as to what information its cross-examination would have produced. Although the Village attempted to introduce documents before the trial court, it made no similar attempt at the administrative hearing. In fact, the Village's attorneys specifically said they would not be introducing any evidence. Before the hearing concluded, the Village's attorney again argued for the Village's participation, and said:

"I think that Commander Hare's testimony, as gut-wrenching as it was, points out why it's unfair to the village. He's made many accusations, 90 percent of which are irrelevant to the issues before this board, many of which are based on hearsay against the chief of police and other village officials. We've had no opportunity to rebut."

Without any indication as to what the Village would have produced on cross-examination or to "rebut," we cannot say the Village was prejudiced by the Board's decision or the Board abused its discretion by disallowing the Village's participation.

■ Finally, Hare contends the trial court erred when it failed to decide whether the Board's decision to award a duty-related disability pension was against the manifest weight of the evidence. The Village contends the Board's finding was not supported by the evidence and asks this court to affirm the trial court on that basis. Although the trial court was provided a full record of the pension board hearing, it made no finding on the sufficiency of the evidence, denying review until the Village was allowed to participate in a new hearing.

The Village was not entitled to a new hearing; we remand the cause to the circuit court to complete its review of the evidence presented at the original hearing pursuant to the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 2002)). See *Wolfe v. Board of Education of the City of Chicago*, 171 Ill. App. 3d 208, 213, 524 N.E.2d 1177 (1988).

CONCLUSION

We reverse the order of the circuit court and remand the cause to the circuit court for a determination of whether the Board's decision to award Hare a duty-related disability pension was against the manifest weight of the evidence.

Reversed and remanded with directions.

CAHILL and GARCIA, JJ., concur.