JUSTICE HOLDRIDGE, dissenting in part and concurring in part: I believe that the trial court and the majority herein would be correct in awarding Lynette Schurtz a portion of John Schurtz’s disability benefits were it not for the fact that disability benefits paid pursuant to section 4 — 110.1 of the Illinois Pension Code (40 ILCS 5/4 — 110.1 (West 2004)) are, as a matter of law, not subject to division in a dissolution proceeding. I must therefore respectfully dissent from the ruling upholding the division of John’s disability pension. The Associated Fire Fighters of Illinois and Board of Trustees of the Firefighters’ Pension Fund of the City of Peoria each filed amicus curiae in this matter arguing it was the intent of the legislature not to make disability benefits subject to payment to an alternate payee. Both point out that disability benefits, unlike retirement benefits, are not entitlements subject to the discretion of the member. Rather, disability benefits are only paid after the fiduciary board is satisfied that the rigid requirements for awarding disability benefits have been met. Krohe v. City of Bloomington, 204 Ill. 2d 392 (2003); Village of Stickney v. Board of Trustees of the Police Pension Fund, 347 Ill. App. 3d 845 (2004). The amici also point out that the Pension Code implicitly exempts disability benefits from distribution to a third-party payee. The Code provides for distribution of benefits to third-party payees under a qualified Illinois domestic relations order (QILDRO) (40 ILCS 5/1— 119 (West 2004)), but then specifically provides that “[a] QILDRO shall not apply to or affect the payment of any survivor’s benefit, death benefit, disability benefit, life insurance benefit, or health insurance benefit.” 40 ILCS 5/1 — 119(b)(4) (West 2004). Thus, the amici maintain, the express language of the Pension Code excludes disability benefits from payment to an alternate payee. This presents a matter of statutory interpretation which presents an issue of law to be reviewed de novo. City of Belvidere v. Illinois State Labor Relations Board, 181 Ill. 2d 191 (1998). While there are no cases adopting the position articulated by the amici, I am convinced that the legislative intent is nonetheless clear. Based upon the statutory analysis proffered by the amici, I would find that the trial court erred as a matter of law in subjecting John’s disability benefit to division. I would reverse and remand on that basis. I concur with the majority’s decision to affirm the trial court’s denial of Lynette’s motion for attorney fees.