In the Matter of the Estate of Nellie Undziakiewicz, Deceased.
Bernice Sniegowski, Petitioner-Appellant, and Josephine Briskey, Respondent-Appellant, v. Eugene McLaughlin, a Minor, Respondent-Appellee.

Gen. No. 49,487.

First District, Third Division.
December 31, 1964.

John T. McGrath and Nicholas S. Limperis, of Chicago, for appellants.

James J. Jorgensen, of Chicago, Guardian ad Litem for Eugene McLaughlin, a minor, appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from the order of the Probate Court denying the petition for probate of the last will and testament of Nellie Undziakiewicz. The sole issue on appeal is whether there was proof of fraud, forgery, compulsion or other improper conduct deemed sufficient to invalidate or destroy the will, as provided by statute.

On October 24, 1961, the will in question was signed at the home of Bernice Sniegowski, a daughter of the testator and the executor named in the will. She is the petitioner. John T. McGrath, the attorney who drew the will, and Mary Lou Filafusi, a neighbor of Mrs. Sniegowski, were the attesting witnesses. Also present was Josephine Briskey, another daughter of the testator, and Mrs. Sniegowski. The will bequeathed $2000 in trust for Eugene McLaughlin, a minor and the son of a deceased daughter of the testator. The remainder was given to the testator's daughters Bernice Sniegowski and Josephine Briskey.

Nellie Undziakiewicz died on November 29, 1962, some thirteen months after execution of the will. She was 69 years old. The petition for admission of the will to probate showed real estate of the value of $25,000 and a personal estate of $100. A guardian

ad litem was appointed for Eugene McLaughlin, and he is opposing the admission of the will to probate.

McGrath testified that he prepared the will at the request of the testator on a message from Bernice Sniegowski that her mother wanted to have her will made, with the above provisions in it. McGrath had no direct communication with the testator until just before the execution of the will, when he spoke with her at some length in Mrs. Sniegowski's home. He asked her if she understood each paragraph of the will and read it to her. She said "Yes," she understood it, and he asked: "Is that the way you want it, is it?" She answered "Yes." He asked "Is this your will?" and she said "Yes." She executed the will immediately following that discussion.

McGrath was of the opinion that the testator was of sound mind and disposing memory at the time she signed the will. He further testified that she spoke English; that he spoke to her in English, and she answered in English. The other parties were not near the testator and McGrath when he spoke to her. He testified that at no time then or thereafter did he hear the testator say "One-third to Bernice, one-third to Josephine, and one-third to Gene."

Mary Lou Filafusi was the other witness. She testified to the presence of the same persons McGrath mentioned. She spoke to the testator in English and the testator answered in English, saying "You're going to be a witness to my will," and she said "Yes," whereupon the testator said "Good." Mrs. Filafusi was of the opinion the testator was of sound mind and disposing memory at the time she signed the will. No other witness was presented.

Section 69 of the Probate Act (Ill Rev Stats 1963, c 3, § 69) provides that:

"When each of two attesting witnesses to a will testifies before the probate court (a) that he was present and saw the testator or some person in his presence and by his direction sign the will in the presence of the witness or that the testator acknowledged it to the witness as his act, (b) that the will was attested by the witness in the presence of the testator, and (c) that he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will, the execution of the will is sufficiently proved to admit it to probate unless there is proof of fraud, forgery, compulsion, or other improper conduct which in the opinion of the probate court is deemed sufficient to invalidate or destroy the will."

█ There is no evidence whatsoever showing fraud, forgery, compulsion or other improper conduct. McGrath testified that at the time of the execution of the will, the testator also executed a deed to property located at 9255 South Kimbark Avenue, Chicago, Illinois, where she lived with her daughter Josephine Briskey. McGrath prepared the deed at the request of the grantor, communicated through her daughter Bernice Sniegowski. The court refused to allow the witness to testify further on matters pertaining to the deed, as the court's interest was only in the will.

█ █ The assistant judge who heard the matter refused an offer of proof by petitioner-appellant, saying "I won't let it go in the record." This appears to have been arbitrary and inexcusable. A lawyer has a right to have the record show what occurred before the court.

The respondent-appellee presents nothing in his brief which in any way supports his case. The order

is reversed and the cause is remanded with directions to allow the petition to probate the will, and to enter an order accordingly.

Order reversed and cause remanded with directions.

DEMPSEY and SULLIVAN, JJ., concur.