KANKAKEE COUNTY BOARD OF REVIEW, Petitioner-Appellant, v. PROPERTY TAX APPEAL BOARD *et al.*, Respondents-Appellees.

Third District   No. 3—99—0580

Opinion filed August 21, 2000.

Michael Kick, State's Attorney, of Kankakee (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, and Brenda Gorski, Assistant State's Attorney, of counsel), and David O. Edwards (argued), of Giffin, Winning, Cohen & Bodewes, P.C., of Springfield, for petitioner.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Sharmila Roy, Assistant Attorney General, of counsel), for respondent Property Tax Appeal Board.

Robert E. Welsh (argued), of Amari & Locallo, of Chicago, for respondent Heinz Pet Products Company.

JUSTICE KOEHLER delivered the opinion of the court:

The Kankakee County Board of Review (Board of Review) appeals the Property Tax Appeal Board's (PTAB) June 28, 1999, decision reducing the tax assessment for tax year 1995 on industrial property on which Heinz Pet Products Company (Heinz Pet Products) operates a pet food processing plant. On appeal, we review whether (1) PTAB erred when it concluded that Heinz Pet Products had standing to appeal the tax assessment; and (2) the PTAB hearing officer erred in denying the Board of Review's request to make an offer of proof on a document the hearing officer had refused to admit into evidence. Because we conclude that the hearing officer erred in denying the Board of Review's request to make an offer of proof, we reverse PTAB's decision and remand.

## FACTS

The Kankakee County assessor and the Kankakee County Board

of Review assessed 1995 property taxes in the amount of $3,421,420 on industrial property consisting of approximately 80 acres on which Heinz Pet Products operated a pet food processing and distribution facility. The appraisal in question concerned one approximately 33.7-acre parcel of those that constitute the entire property. On February 28, 1996, Heinz Pet Products filed a real property assessment appeal with PTAB for tax year 1995 asking it to reduce the property taxes to $2,170,000. On May 28, 1996, the Board of Review filed a motion to dismiss for lack of standing. PTAB denied the motion and, prior to closing arguments, denied the Board's renewed motion.

In the PTAB hearing, Heinz Pet Products' witness Andrew Brorson, owner of Brorson Appraisal Service in Kankakee, testified that he inspected the property, prepared the appraisal as of January 1, 1994, and prepared updated appraisals for the years 1995 through 1997. Brorson testified that he appraised the property under a sales comparison approach in which he used local, area and regional comparables to find a range of values for the property. Taking the midrange value, Brorson arrived at a 1994 property value of $5 per square foot. For tax year 1995, he valued the property at approximately $5.8 million, or $4.50 per square foot.

While cross-examining Brorson, counsel for the Board of Review requested that the hearing officer admit a copy of a document for impeachment purposes, allegedly showing that Brorson had made a prior inconsistent statement as to the 1995 property value. Because the Board of Review did not present it for the record prior to the hearing, the PTAB hearing officer refused to admit the document. The hearing officer refused counsel's request to make an offer of proof on the document, ruling that the document was not relevant and Brorson had not relied on it. The hearing officer also refused to allow counsel to identify the document for the record. Consequently, the document is not included in the record on review. However, the Heinz Pet Products and PTAB briefs each describe it as Brorson's alleged prior appraisal.

PTAB concluded that Brorson's 1994 appraisal method best indicated the property's value. Accordingly, PTAB decided that the property should be valued at $5 per square foot, arriving at a fair market value of approximately $6.5 million and an assessed value of $2,144,350. The Board of Review requested administrative review.

## ANALYSIS

The Board of Review seeks administrative review of PTAB's decision under section 16—195 of the Property Tax Code (35 ILCS 200/16—195 (West 1996)), which provides that a party seeking a change in

valuation of $300,000 or greater may appeal directly to the appellate court. First, the Board of Review contends that PTAB erred when it denied its motion to dismiss the appeal on the basis that Heinz Pet Products lacked standing to appeal the assessment. The Board of Review argues that (1) county records showed Gaines Foods Corporation owned the property; (2) the county assessor had received a letter from Star-Kist Foods, Inc. (Star-Kist), informing the assessor that the property had changed ownership and requesting that the assessor send all correspondence to Star-Kist; and (3) Heinz Pet Products presented no evidence of any interest in the property. The Board of Review maintains that, in order to have standing, Heinz Pet Products must show that it owned the property as of January 1, 1995; however, it did not do so. H.J. Heinz Company submitted a response to the motion, arguing that, (1) by virtue of a stock purchase agreement, it owns the property; and (2) pursuant to its obligations under the purchase agreement, it paid the 1995 property taxes on the parcels contiguous to that at issue and will pay the property taxes on that parcel when the assessment is finally determined. Heinz Pet Products and PTAB argue that January 1, 1995, is the date used to determine the property value but is not relevant to determining ownership.

The Board of Review contends that the issue of standing is purely a legal question that this court should review *de novo*. The appellees, Heinz Pet Products and PTAB, argue that, in the instant case, standing is a mixed question of law and fact requiring a factual determination as to whether stock purchase documents reflect Heinz Pet Products' interest in the property and a legal determination in that it requires this court to interpret the term "taxpayer" or "owner." Therefore, the appellees urge us to review the standing issue under the clearly erroneous standard of review.

■ "[T]he question of standing is a matter of law, and as such, [the] court is not bound by the administrative agency's conclusions of law. [Citation.]" *Citizens for Preservation of Knox County, Inc. v. Illinois Department of Mines & Minerals*, 149 Ill. App. 3d 261, 264, 500 N.E.2d 75, 77 (1986). The court reviews questions of law on a *de novo* basis. *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 205, 692 N.E.2d 295, 302 (1998). Therefore, we review the PTAB's decision that Heinz Pet Products had standing to appeal the assessment *de novo*.

■ The owner of real property on January 1 of any year is liable for the taxes on the property for that year. 35 ILCS 200/9—175 (West 1996). However, parties may, through clear agreement, shift the burden of liability. *First National Bank v. Mid-Central Food Sales, Inc.*, 129 Ill. App. 3d 1002, 1005, 473 N.E.2d 372, 364 (1984). The Il-

linois Administrative Code (Administrative Code) provides that "a taxpayer or owner of property" may file with the Property Tax Appeal Board an appeal of a decision of a board of review pertaining to the assessment of property for taxation purposes. 86 Ill. Adm. Code § 1910.10(c) (1997). Under the Administrative Code, any taxpayer or property owner dissatisfied with the board of review's decision pertaining to "the assessment of his property may become a party to the appeal" to the PTAB. 86 Ill. Adm. Code § 1910.60(a) (2000). "The term 'owner,' as applied to land, has no fixed meaning applicable under all circumstances and as to any and every enactment. *** Title refers only to a legal relationship to the land, while ownership is comparable to control and denotes an interest in the real estate other than that of holding title thereto." *People v. Chicago Title & Trust Co.*, 75 Ill. 2d 479, 489, 389 N.E.2d 540, 544 (1979). Especially in tax law, "[t]he key elements of ownership are control and the right to enjoy the benefits of the property. *** Revenue collection is not concerned with the 'refinements of title'; it is concerned with the realities of ownership." *Chicago Title*, 75 Ill. 2d at 489, 389 N.E.2d at 544.

The Board of Review attached to its motion to dismiss (1) a deed dated December 22, 1986, and recorded January 13, 1987, quitclaiming two parcels of property from Gaines Foods, Inc., to Anderson, Clayton & Co.; (2) a deed dated December 23, 1986, and recorded January 13, 1987, quitclaiming the same parcels from Anderson, Clayton & Co. to Gaines Pet Foods, Inc.; (3) a deed dated December 22, 1986, and recorded January 13, 1987, quitclaiming a third parcel from Gaines Foods, Inc., to Anderson, Clayton & Co.; (4) a deed dated December 23, 1986, and recorded January 13, 1987, quitclaiming the third parcel from Anderson, Clayton & Co. to Gaines Pet Foods Co.; (5) the Kankakee County recorder of deeds' affidavit attesting that the deeds are the most recent documents transferring interest in the property; and (6) a letter bearing the logo of Star-Kist, Inc., "[a] subsidiary of H.J. Heinz Company," to the county assessor requesting that the office send all future correspondence to "Star-Kist Foods, Inc., One Riverfront Place, Newport, Ky."

The response to the motion to dismiss identifies H.J. Heinz Co. as the respondent. With its response, H.J. Heinz submitted a copy of the December 23, 1986, quitclaim deed of two parcels from Anderson, Clayton & Co. to Gaines Pet Foods, Inc. It also submitted a copy of a purchase agreement dated February 6, 1995, between the seller, Quaker Oats Co., as owner of all of Gaines Pet Foods stock, and the purchaser, H.J. Heinz Co. Under the purchase agreement, which includes a legal description of five parcels comprising the Kankakee property, H.J. Heinz acquired ownership of all of the material assets,

properties, rights and business constituting the pet food business. The purchase agreement also obligated H.J. Heinz to pay the property taxes as of the closing date. H.J. Heinz also submitted the following with its response: (1) a copy of a check dated June 7, 1996, to the Kankakee County collector for the amount of $4,006.50, bearing the names of Heinz Pet Products Co., Gaines Pet Foods Corp. and Heinz, and listing an address of One Riverfront Plaza, Newport, Ky.; (2) 1995 duplicate tax bills naming Quaker Oats Co. for four parcels on the property; and (3) two certificates of abatement for the parcel in question, dated April 29, 1996, issued to Quaker Oats Co. for tax year 1995.

■ Pursuant to the Property Tax Code (35 ILCS 200/9—175 (West 1996)), the owner of the property at issue on January 1, 1995, was liable for that year's property taxes. However, in this case, the tax liability shifted. Our review of the record indicates that the deeds evidence title in Gaines. H.J. Heinz acquired Gaines through the purchase agreement with Quaker Oats and agreed to pay the taxes as of the closing date, shifting the burden of liability. Although the record evidence does not explicitly illustrate the relationship between H.J. Heinz and Heinz Pet Products, the record does indicate that Heinz Pet Products controls the property. Heinz Pet Products, Gaines Pet Foods and Heinz all appear on the check by which the property taxes were paid. The documents evidence that, under the Code and case law, Heinz Pet Products is owner for purposes of standing in this action. Accordingly, we conclude that PTAB did not err when it denied the Board of Review's motion to dismiss for lack of standing.

Did the PTAB hearing officer err in denying the Board of Review's request to make an offer of proof after she denied admittance of the document into evidence? The Board of Review maintains that the hearing officer treated its offer of the document into evidence and attempt to make an offer of proof as an attempt to offer substantive evidence into the record; however, counsel offered the evidence at issue for impeachment purposes on cross-examination. It argues that, when the hearing officer excludes evidence, she must allow the party seeking its admittance to make an offer of proof in order to provide a reviewing court with a record of the proceeding. Further, if the offer of proof pertains to a document, the party should be allowed to place the document into the record. The Board of Review contends that, in addition to denying counsel the opportunity to make its offer of proof, the hearing officer refused to allow counsel to name the document, thereby failing to preserve a record for review in this court. It further contends that it is impossible to assess the prejudice it suffered because the document is unnamed and not included in the record, and it urges this

court to treat the hearing officer's decision as *per se* prejudicial. According to the Board of Review, this court reviews PTAB's hearing procedure *de novo* and reviews its factual determination under a manifest weight of the evidence standard; therefore, it should review the hearing officer's denial *de novo*. The Board of Review requests that we reverse PTAB's decision and remand the case for a new assessment determination.

The appellees maintain that a party must submit its evidence prior to hearing unless the hearing officer waives that requirement. In the instant case, neither happened. The appellees argue that, although a party may submit rebuttal evidence in writing after the hearing, the Board of Review attempted to offer an appraisal into evidence, contrary to the Administrative Code's prohibition on the submission of such new evidence as rebuttal. They contend that the hearing officer understood the nature of the evidence, the Board of Review did not submit the evidence for the record prior to the hearing and the appraiser, Brorson, did not rely on it. The appellees maintain that, although generally an offer of proof should be allowed, it need not be where the nature of the testimony is obvious. Although the record on review does not include or name the document the Board of Review sought to admit, the Heinz Pet Products and PTAB briefs identify the document at issue as a prior appraisal by Brorson valuing the property at $4.75 per square foot instead of $4.50 per square foot and argues that the document's absence from the record could not have affected PTAB's final decision to value the property at $5 per square foot. Therefore, according to Heinz Pet Products and PTAB, the hearing officer correctly denied its admission.

■ Administrative proceedings are "governed by the fundamental principles and requirements of due process of law." *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 92, 606 N.E.2d 1111, 1119 (1992). On administrative review, the court must review the procedural methods used at the administrative hearing to insure that it was fair and impartial. *Abrahamson*, 153 Ill. 2d at 92-93, 606 N.E.2d at 1119. Technical errors in an administrative agency's proceedings or its failure to observe technical rules of evidence are grounds for reversal if the error materially affected the rights of the complaining party and resulted in substantial error. 735 ILCS 5/3—111(b) (West 1992). " 'Although an agency's interpretation is not binding on the court, the court will give great weight to an agency's construction and application of its own regulation unless it is clearly erroneous, arbitrary, or unreasonable.' [Citation.]" *Cotter & Co. v. Property Tax Appeal Board*, 277 Ill. App. 3d 538, 542-43, 660 N.E.2d 1283, 1285 (1995).

■■ Under the Administrative Code, written or documentary evidence shall not be accepted into the record at the hearing unless (1) the party offering the evidence submitted it to PTAB prior to the hearing; (2) PTAB waives the filing requirement; or (3) PTAB or the hearing officer specifically orders a party to submit written documentary evidence. 86 Ill. Adm. Code § 1910.67(k)(1), (k)(2), (k)(3) (2000). However, a party may submit written or documentary rebuttal evidence that tends to explain, contradict or disprove evidence offered by an adverse party within 30 days after PTAB notices the party that it received the opposing party's argument and documentation. 86 Ill. Adm. Code § 1910.66(a) (1997). Any party offering evidence that the hearing officer rules is inadmissible "shall be permitted to make an offer of proof upon motion made at the hearing." 86 Ill. Adm. Code § 1910.90(f)(3) (2000). When evidence is excluded, the offer of proof is the key to preserving error. *Little v. Tuscola Stone Co.*, 234 Ill. App. 3d 726, 730, 600 N.E.2d 1270, 1273 (1992). The purpose of the offer of proof is to disclose the nature of the evidence offered to the trial judge and opposing counsel and to the reviewing court in order that it may determine whether the exclusion of evidence was erroneous. *Little*, 234 Ill. App. 3d at 731, 600 N.E.2d at 1273. "A lawyer has a right to have the record show what occurred before the court." *In re Estate of Undziakiewicz*, 54 Ill. App. 2d 382, 385, 203 N.E.2d 434, 436 (1964).

■ Heinz Pet Products and PTAB correctly note that the Administrative Code precludes the admission of evidence that a party did not file prior to the hearing and also provides the procedure by which a party may submit rebuttal evidence after the hearing has been completed. However, the Administrative Code clearly instructs that, if the hearing officer denies the admittance of evidence, a *party shall be allowed to make an offer of proof*. Whether or not the hearing officer made the correct ruling in denying admission of the evidence, the Board of Review had the right to make the offer of proof as requested. The hearing officer's denial of its request violated hearing procedure and deprived the Board of Review of an opportunity to preserve the evidence for review. Pursuant to the Administrative Code and case law, we conclude that the hearing officer erred when she denied counsel's request to make an offer of proof. Accordingly, we reverse PTAB's decision and remand.

In sum, we conclude that (1) Heinz Pet Products, as operator of the facility on the property in question and as the party paying the property taxes, has standing to appeal the Board's decision, and (2) the Administrative Code and case law required that the hearing officer allow counsel for the Board of Review to make an offer of proof on a document it offered, but that the hearing officer refused to admit, into

evidence. Accordingly, we conclude that the hearing officer erred and reverse and remand.

Reversed and remanded.

SLATER, P.J., and LYTTON, J., concur.